# Myers *versus* Byerly.

*Parol sale of land, when void by the Statute of Frauds.*

A parol agreement by one person to purchase land and convey it to another whenever advances are repaid, is void by the Statute of Frauds: and an entry by the latter upon the land before it was purchased by the former, would not be such possession under and in part execution of the contract, as would take it out of the statute.

ERROR to the Common Pleas of *Lancaster county*.

This was an action of ejectment, brought July 30th 1861, by Benjamin B. Myers against George Byerly, for a lot of ground near Strasburg, Lancaster county.

Defendant came into possession of the lot under the following circumstances: Sometime between January and April 1858, it was verbally agreed between the parties that Myers should buy the lot, pay for it, take the title for it in his own name, and hold it for the use of Byerly, to whom a deed was to be given whenever the purchase-money was fully paid, Myers agreeing to receive payment from time to time, in any sum that Byerly should feel able to pay.

The lot was accordingly purchased, and a deed in due form made by the owner, Henry Musselman, for the consideration of $50. Byerly went into possession, assisted in erecting a house on it, cleared away the stone with which it was covered, repaired the fences, and improved the ground generally, the nature and extent of which, as proved on the trial, appear fully in the opinion of the Court of Common Pleas.

The defendant never paid any rent or money on account, but about the 1st of April 1860, tendered plaintiff $160, the alleged price of the lot, and the amount of a note and book account which he held against him, demanding at the same time a deed in pursuance of the agreement. This tender was repeated on the trial, and on being refused, the money was paid into court.

[Myers v. Byerly.]

The defence was, that no such conversation as that proven by the defendant had ever occurred, but that if it had, it must have been at a time when defendant did not own the premises, and could not therefore carry it out; that, as it was a parol understanding, he was not bound to carry it out; that after he had acquired legal title he was not legally bound to convey; and that the defendant failed to make out an equitable title to the property, even if the Statute of Frauds were not in his way; and the defendant's counsel requested the court so to charge the jury.

The court below instructed the jury as follows:—

"These parties, four or five years ago, were on very friendly terms. From the history of this transaction, it appears that the plaintiff, by the arrangement between them, intended to confer a benefit upon the defendant, who was a poor man, by enabling him to become the owner of the piece of ground in dispute. According to the testimony of the first witness on the part of the latter, Isaac Weaver, it was between New Year's and April 1858; Mr. Myers asked Mr. Byerly to tell the bargain they had about this lot, and then asked him, Weaver, to be a witness to this bargain; and then Benjamin Myers stated the bargain about this lot; he said that he was to furnish the money to pay for the lot, and take the deed in his name, and whenever Byerly could pay the money for that lot, the lot belonged to him; and it made no difference how much money he would pay at a time— one dollar, five dollars, or ten dollars, or twenty, and no difference what time in the year or in the week, he would receive it and give him credit for it at any time.

"[George Byerly went into· possession of the premises before the 1st of April, and it is for the jury to say from the testimony whether on or in pursuance of the agreement or not, for I may remark to the jury that this is a point of consequence.] If he took possession before the agreement, and his possession was continued only by the agreement, the possession would not be such evidence of a parol agreement as would take the case out of the Statute of Frauds and Perjuries; whereas if it followed or was in pursuance of the agreement to convey the property to the defendant, it would. Should the jury, on a review of the whole evidence, believe that the plaintiff intended and agreed to give George Byerly the title to this lot on his payment of the price, as stipulated, and that the latter thereupon entered into possession, and afterwards made valuable improvements upon it, by building, fencing, removing the stones, and cultivating it, increasing its value, the question will be raised whether such facts will avail the defendant, there having been no written agreement between the parties.

"The defence cannot rest upon the ground of a resulting
9 Wr.—24

trust. The Act of 1856 is a bar, there being no evidence of fraud in obtaining the title by the plaintiff. His counsel contend that the Statute of Frauds and Perjuries is also a bar to his defence; that statute enacts that no agreement in relation to the sale and conveyance of real estate shall be of any validity, unless the same be in writing signed by the parties making the same; a very salutary law, intended to prevent, as the title indicates, frauds and perjuries which would result from loose declarations and prevarication of oral testimony; [but when there is an agreement by parol for the sale of lands, in pursuance of which the party purchasing pays a part of the purchase-money, and takes possession and makes improvements, it has been held by courts that such an agreement is not within the statute, because the man who induces a party to pay him a portion of the stipulated purchase, and enter into possession of the premises, and use his means and labour in improving the same, and then refuses to comply with the contract because it was not in writing, commits as great a fraud as the statute was designed to prevent; such a case is therefore held not to be within the statute.

"If this evidence satisfies you that this was the character of the contract between Benjamin B. Myers and George Byerly, his defence would be established, though there was no writing between them, and the contract was by parol.]

"These views are more briefly expressed in answer to the plaintiff's points, which I proceed to give you: In answer to the first point, [I say that the agreement alone, as set forth in this point, would not be valid, but would be void by the statute; but if the agreement according to the evidence is, that Benjamin B. Myers was to give the title or convey this property to George Byerly, on his paying the price by one, five, ten, or twenty dollars at a time; if Byerly went into possession on or in pursuance of this agreement, and if he made valuable improvements on the premises, and that too with the knowledge and concurrence of Benjamin B. Myers, this state of facts would take the case out of the statute, and establish a title in the defendant.

"The answer to the first point is applicable to the second, and I therefore repeat it.]

"[In answer to the third point, I say, I do not think this is a case for a conditional verdict. The defendant tendered or offered the plaintiff, in April 1861, $160, in payment of the purchase-money of the land in question. He has made the same offer on this trial, and has deposited and paid the money into court; it now belongs to the plaintiff; but he may sue the defendant for any further claim he may have against him. This payment does not, I presume, preclude him from recovering whatever balance, if any, the defendant may owe him. So that should your ver-

[Myers v. Byerly.]

dict be in favour of the defendant, the plaintiff may secure all that is due him upon the transaction out of which this has grown."

Under these instructions, there was a verdict and judgment in favour of defendant; whereupon the plaintiff sued out this writ, and assigned the charge of the court for error.

*D. G. Eshelman* and *J. E. Hiester*, for plaintiff in error.

*J. B. Amwake* and *A. H. Hood*, for defendant in error.

The opinion of the court was delivered, May 21st 1863, by

THOMPSON, J.—It is not possible to sustain the judgment in this case. No such contract by parol, and such part execution of it, as were necessary to take the case out of the Statute of Frauds and Perjuries, were proved by the defendant. The only thing like a contract between the parties was made before the plaintiff had any title or even a contract for the ground in question, and it was to this effect, as testified to by the witness who was present, when it was stated over by Myers in presence of Byerly : Myers said that he was to furnish the money to pay for the lot, and take the deed in his own name, and whenever Byerly could pay for it, it belonged to him; and it made no difference how much money he would pay at a time, and no difference at what time in the year or week, he would receive it, and give him a credit for it. This was all that was said about the bargain at the time. On cross-examination, the witness testified that the bargain was stated over at the request of Byerly, "who called me up as a witness," and from this it was proper to infer the assent of Byerly to it. Talk between the parties afterwards, and declarations of the plaintiff alone, in no way changed this presentation of the contract. It was indefinite in every particular as to quantity, location, price, time of payment of purchase-money, and execution of the deed. Possession was taken, says one witness, inᴶ January 1858, and all agree that the ground was occupied by the defendant before the purchase by the plaintiff, or any contract by him with the owner to purchase. It is evident, therefore, that the possession of the defendant was not delivered to, and taken by, him in part execution of the contract. His title could only commence, as against Myers, after the latter had acquired a right to the property himself. The bargain was only applicable to it as and when it became the property of the plaintiff; not a word exists to show that it was intended to be applicable to a mere expectancy. Even if this had been so, I do not see how it could be sustained as a parol contract, which might be so far executed as not to be within the statute. The plaintiff had no possession to deliver when the defendant entered, and this essential element to avoid the statute

[Myers *v.* Byerly.]

did not and could not exist. The possession continued after the plaintiff purchased, was far from being equivalent to possession taken under him, pursuant to a contract with him and in part performance of it. It possessed none of the qualities of livery of seisin, distinct and notorious transmission of the possession of the one to the possession of the other party, which really is the foundation of the rule, for the exception of such a contract out of the Statute of Frauds. The tender of purchase-money was of no consequence, unless the possession had been shown to have been delivered and taken for the purpose already stated. Payment of money will not take a parol sale out of the statute. It may be a misfortune to the defendant that he trusted to the assurances of his neighbour, but it cannot be remedied in the manner proposed in this case. Unless on another trial he can show a very different state of facts, he cannot hold the land, but possibly he may have another remedy, which may be adequate to redress any wrong he may have suffered. As the second point of the plaintiff contained a proper estimate of the evidence as well as the duty of the court in a case of this kind, it should have been affirmed, and would have carried his case, and this was clearly his right under the evidence.

Judgment reversed, and *venire de novo* awarded.