## Thomas Birkbeck, Plff. in Err., v. Edward Kelly.

In ejectment by the purchaser of land at sheriff's sale against the defendant in the execution, evidence of the judgment, process, and sheriff's deed is conclusive and sufficient to establish for the plaintiff a prima facie case.

To take a parol sale of land out of the statute of frauds it is indispensable that the purchaser shall take possession in pursuance of the sale.

The fact that the purchaser was in possession when he bought, although every other requisite to take the case out of the statute has been proved, defeats the purchaser's title.

(Argued April 14, 1887. Decided May 2, 1887.)

January Term, 1887, No. 431, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Error to the Common Pleas of Luzerne County to review a judgment on a verdict for the defendant in an action of ejectment. Reversed.

Cited in Marks v. Baker, 2 Pa. Super. Ct. 167, 169.

NOTE.—The parol contract will be enforced where possession is taken in pursuance thereof. Schuey v. Schaeffer, 130 Pa. 16, 18 Atl. 544; Graft v Loucks, 138 Pa. 453, 21 Atl. 203; Brown v. Bailey, 159 Pa. 121, 28 Atl 245; Wolf v. Wolf, 158 Pa. 621, 28 Atl. 164.

The facts as they appeared at the trial before WOODWARD, A. L. J., are stated in the opinion.

The assignments of error specified the action of the court in excluding evidence of the judgment, execution and sale on the ground that the plaintiff had not shown title or color of title, and in admitting evidence of the alleged parol sale.

*N. Taylor* and *C. W. Kline*, for plaintiff in error.—When the purchaser at sheriff's sale has to bring his ejectment against the person whose land was taken in execution or any person coming into possession under him, he need do no more than show the judgment and proceedings under it. Little v. Delancey, 5 Binn. 270.

As between the purchaser and the defendants in the action, the purchaser can recover on the strength of the sale and the sheriff's deed, nor can the defendants show title in another. Green v. Watrous, 17 Serg. & R. 393; Snavely v. Wagner, 3 Pa. St. 275, 45 Am. Dec. 640; Drake v. Brown, 68 Pa. 223; Ferris v. Irons, 83 Pa. 179.

Possession must be delivered in execution of an alleged parol sale of land. A previous possession will not withdraw a parol sale from the effects of the statute of frauds. Parker v. Wells, 6 Whart. 153; Galbreath v. Galbreath, 5 Watts, 146; Brawdy v. Brawdy, 7 Pa. 157; Christy v. Barnhart, 14 Pa. 260, 53 Am. Dec. 538; Myers v. Byerly, 45 Pa. 368, 84 Am. Dec. 497.

There must be valuable improvements put upon the property, such as cannot be compensated in damages. Moore v. Small, 19 Pa. 461; Postlethwait v. Frease, 31 Pa. 472.

There must be more than oath against oath; the parol contract must be proved, not only to the entire satisfaction of the jury but also of the court. Sower v. Weaver, 78 Pa. 443; Brawdy v. Brawdy, 7 Pa. 157; Lord's Appeal, 105 Pa. 451.

Whether the evidence is sufficient to take the case out of the statute is a question for the court and not for the jury. Overmeyer v. Koerner, 81* Pa. 517, and cases there cited.

When the parol contract is not unequivocally established as required by law, the court should so instruct the jury. Bowers v. Bowers, 95 Pa. 477; Detrick v. Sharrar, 95 Pa. 527.

No brief filed for defendant in error.

OPINION BY MR. JUSTICE GORDON:

On the 18th of November, 1876, the defendant, Edward Kelly, was in the possession of the land in controversy, and at that date the property was sold by the sheriff of Luzerne county, on process regularly issued from a judgment of the Freehold Building & Loan Association, against the said Kelly, to E. V. Jackson, the plaintiff's vendor, and a deed executed to him which was acknowledged in due form of law, on the 29th of November, 1876. By this sale and deed whatever of right or title the defendant had was conveyed to Jackson, the sheriff's vendee, and as against Kelly, the judgment, process and deed, as aforesaid, were conclusive and the court should have required nothing else from the plaintiff to establish a prima facie case. Drake v. Brown, 68 Pa. 223.

Against this prima facie title the defendant set up an oral sale from Birkbeck to himself. This alleged sale is supported only by his oath, and that is positively contradicted by Birkbeck. This of itself should have determined the controversy against him. Sower v. Weaver, 78 Pa. 443.

But aside from this, the proof did not establish a single element necessary to relieve the sale from the ban of the statute of frauds and perjuries. There was no evidence of the payment of purchase money, or of the valuable improvements; neither was possession taken in pursuance of the alleged sale, for according to his own oath he was in possession when he bought. This fact standing alone, although every other requisite to take the case out of the statute had been proved, was sufficient to cut up the defendant's professed purchase by the roots, and to leave him without the shadow of a defense. Myers v. Byerly, 45 Pa. 368, 84 Am. Dec. 497; Christy v. Barnhart, 14 Pa. 260, 53 Am. Dec. 538.

As what we have said does, in effect, sustain all the assignments of error, we need not discuss them separately.

The judgment is reversed and a new *venire* ordered.