| 101 | 567 |
| 103 | 609 |
| 101 | 567 |
| 109 | 119 |
| 101 | 567 |
| 118 | 43 |

[No. 18117.   Department Two.—March 13, 1894.]

## O. L. ABBOTT, APPELLANT, v. THE 76 LAND AND WATER COMPANY, RESPONDENT.

LANDLORD AND TENANT—OPTION OF PURCHASER—SPECIFIC PERFORMANCE —CONFLICT OF EVIDENCE.—Where a tenant entered into possession of land under a written lease containing no written option to purchase the land, a finding that there was no oral agreement giving such option, in an action brought to enforce the same, will not be disturbed where there is a material conflict in the evidence, and there is testimony tending to sustain the finding of the court.

ID.—OFFER OF LAND COMPANY TO SETTLERS—OPTION TO PURCHASE—WRITTEN LEASE.—Where a land company issued circulars stating that its lands were for sale or to rent on easy terms, and that lessees might have the privilege of buying, but without indicating any consent that persons should locate upon its lands without first obtaining a lease or an agreement authorizing them to do so, and written leases either with or without an option to purchase were customarily insisted upon in the case of all who cultivated the company's lands, a written lease executed to a tenant without containing any option to purchase must, in the absence of fraud or mistake, be deemed to embody the final determination of the parties.

ID.—POSSESSION UNDER LEASE—PART PERFORMANCE—VERBAL AGREEMENT.—Where possession is taken under a written lease containing no option to purchase there is no inference of part performance of a verbal agreement to sell the land to be drawn from the possession of the lessee and his improvements on the land, which are referable to his rights as a tenant.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial.

The facts are stated in the opinion.

*Thompson & Thompson,* for Appellant.

*W. S. Goodfellow,* for Respondent.

SEARLS, C.—This is an action for the specific performance of an alleged contract to convey the east one-half of section 31, in township 15 south, of range 24 east, Mount Diablo base and meridian, with certain appurtenant water rights, all situate in the county of Fresno.

Defendant had judgment upon the findings of the court, from which judgment, and from an order denying a motion for a new trial, plaintiff appeals.

It seems that five actions were brought by different persons against the same defendant, to enforce contracts for the conveyance of land under circumstances somewhat similar. In four of them the plaintiffs had judgment in the court below, which judgments were affirmed by this court. One of the four other cases was by this same plaintiff against the same defendant, and is reported in 87 Cal., at page 323.

The allegations of the complaint in this case are, in substance, as stated in the report of that case, on pages 324 to 327, and, being lengthy, will not be repeated here.

The answer, in the present case, denies all the material allegations of the complaint upon which a right in the plaintiff, either legal or equitable, to purchase the land in question could be based.

The court found that, on the first day of October, 1885, the plaintiff and defendant entered into the agreement set out in the complaint, marked Exhibit A. This was a lease, or what may be termed a cropping contract, by which plaintiff was given possession of the land for one year, with the privilege of extending the term from year to year for two years, the plaintiff and defendant each to have a share of the crops.

The lease varied from that under which the plaintiff held the land in *Abbott* v. *76 Land and Water Co.*, 87 Cal. 323, in one particular only. In the present case the lease gave to the tenant no option to purchase the land leased by him, while in that case it gave such option.

The contract or lease was renewed on the 1st of October, 1886, for another year, upon the same terms as before, but including another three hundred and twenty acres of land, and without any option of purchase being given to the plaintiff.

The court further finds that there was never any oral agreement that plaintiff should purchase or have the option to purchase the land described in the complaint, and, without going into details, it may be said the findings are in favor of defendant, and negative all the facts relied upon by plaintiff as giving him a right, option, or privilege of buying the land.

Several of the findings are objected to as being unsupported by evidence; but a careful examination of the testimony shows that it involved a material conflict upon every fact assailed by appellant.

There was testimony tending to show that plaintiff had leases for cropping purposes upon a large area of land, or had selected land of defendant for such purposes, and that, as a consequence, he did not desire an option to purchase the land described in the complaint.

Be this as it may, the findings are not unsupported by evidence, and to analyze the objections in detail would subserve no useful purpose.

The rule in cases of this character is stated in *Boyd* v. *Brinckin*, 55 Cal. 429, where Sharpstein, J., quotes from Pomeroy on Contracts, where it is said contracts of this kind are "created by representations made by one party, and acts done by the other party upon the faith of such representations. Where an absolute unconditional representation of something to be done in the future is made by one person, in order to accomplish a particular purpose, and the person to whom it is made, relying upon it, does the act by which the intended result is obtained a contract is thereby concluded between the parties."

In that case the Central Pacific Railroad Company had issued a circular inviting settlers to locate upon its lands, promising that those who should do so should be

preferred purchasers when the lands should be offered for sale.

Plaintiff had settled upon the land, and offered to purchase in due time, was refused, and the court held the contract complete by the offer of the railroad company and acceptance of plaintiff.

In the present case it is apparent from the testimony that defendant, by its circulars, invited settlers upon its land for the purposes of cultivation and improvement, as tenants, who should receive four-fifths of the crops, and turn over one-fifth thereof to defendant in lieu of rent, with or without the privilege of purchase, but with it if the tenants desired, or offered to sell outright, on a credit for a portion of the purchase price.

Their notices specified that the land " was for sale or to rent in tracts to suit on easy terms," . . . . " special inducements offered to renters. Terms for leasing, first year . . . . with privilege of buying." " To purchasers, the price of the land ranges from fifteen dollars to thirty-five dollars per acre," etc.

Their letter-heads announced their land as " for sale or lease on liberal terms, correspondence desired," etc.

I find nothing in defendant's circulars or notices to indicate a consent on its part that parties should locate upon its lands without first obtaining a lease or agreement authorizing them so to do.

The whole course of dealing between defendant and its tenants indicates a steady adherence to the practice of executing written leases to all those who cultivated its lands, either with or without the option to purchase.

This being so, and a written lease having in this case been executed, it must, in the absence of fraud or mistake, be deemed to embody the final determination of the parties.

There is no inference of part performance of a verbal agreement to sell to plaintiff, to be drawn from his possession and improvements under the lease, for that possession and the improvements thereunder are referable to his rights as a tenant.

The findings negative all idea of fraud or mistake, and, in such a case, to raise an implication of an agreement or option in plaintiff to purchase would be to make for the parties an agreement which they did not make, and that, too, in the face of the statute of frauds.

In the other case of *Abbott* v. *76 Land and Water Co.*, 87 Cal. 323, the original lease contained an option of purchase in favor of plaintiff, and it was only the renewal that omitted it, and that under circumstances sufficient to indicate that the option was to continue. The court, in that case, in upholding plaintiff's right to purchase, may be said to have gone to the extreme limit of the rule under which a right to a specific performance of a contract to convey can be enforced in like cases.

The judgment and order appealed from should be affirmed.

HAYNES, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFARLAND, J., FITZGERALD, J., DE HAVEN, J.