(113 N. W. 1029.)

---

### WILLIAM C. MUIR v. ARTHUR P. CHANDLER.

**Statute of Frauds — Oral Contract — Part Performance.**

1. Conceding, without deciding, that the going into possession of real estate by a purchaser under an oral contract of purchase is such a part performance of the contract as takes the contract out of the statutes of frauds, the change of possession must be actual, open, and notorious, to support an action by the purchaser to enforce specific performance.

**Same — Possession.**

2. Plaintiff claims to have purchased a farm from defendant, who was and still remains in actual possession, by an oral contract only. The trade was not made at the farm, and the plaintiff did not even go upon the premises, but claims a part performance by reason of an oral contract entered into with defendant, after the contract of purchase and sale was made, to lease the premises back to defendant for a term less than one year. *Held,* there being no physical, actual change of possession, the defendant being in actual occupancy of the premises when the contracts were made, and continuing to occupy them until the trial of this action, and never having admitted plaintiff into possession of any part thereof, that the oral lease does not constitute such part performance as is necessary to take the transaction out of the statute of frauds.

Appeal from District Court, Cass county; *Pollock,* J.

Action by William C. Muir against Arthur P. Chandler. Judgment for defendant, and plaintiff appeals.

Affirmed.

*Robert M. Pollock,* for appellant.

There was a contract, of which the agreement of lease was a recognition and part performance, which was evidence of a contract of sale, sufficient to compel the court to enforce specific performance of an oral agreement. Ungley v. Ungley, L. R. 4 Ch. Div. 73; 3 L. R. A. (New Series) 790; see Foot Note III, pp. 793-798; Pom. Spec. Perf. of Contracts (2 Ed.) section 115.

*Barnett & Richardson,* for respondent.

Possession must be actual, open and notorious to serve as an act of part performance. Roberts v. Templeton, 3 L. R. A. 790, and note.

SPALDING, J. The evidence submitted on the part of the plaintiff in this case tends to show that on the 7th day of April, 1906, he entered into an oral contract with the defendant whereby he purchased from the defendant 1,440 acres of land, being a farm situated about thirty miles from Fargo, and that partial payment was to be made by him therefor on the 9th day of April, 1906; that on the last-named date he tendered the amount agreed to be paid and received to the defendant, and offered then and there to perform the other parts of the contract which were to be by him performed, but that the defendant refused to carry out the terms of sale agreed upon. It is also shown that, after the agreement of purchase and sale was entered into, a verbal agreement for the rental of the same premises was made, by the terms of which the plaintiff was to rent them to the defendant. All of these transactions occurred in the city of Fargo and form the basis of this action, which is brought to enforce the specific performance of the oral contract of purchase and sale. The defendant denies all the allegations of the plaintiff's complaint, and on the trial offered no evidence in support of his answer. In our statement of the facts we have given the plaintiff the benefit of any doubt as to the construction of the evidence submitted by him. The trial court made findings and entered judgment dismissing the action. From such judgment this appeal is taken.

Section 5407, Rev. Codes 1905, reads: "No agreement for the sale of real property, or of an interest therein, is valid unless the same, or some note or memorandum thereof, is in writing and subscribed by the party to be charged, or his agent thereunto authorized in writing; but this does not abridge the power of any court

to compel the specific performance of any agreement for the sale of real property in case of part performance thereof." It is unnecessary for us to consider whether taking possession of real estate by the purchaser on an oral contract of purchase is sufficient performance of a contract to take it out of the statute of frauds. We can assume for the purposes of this case that it is, and on that assumption we shall consider the law applicable to the facts disclosed by this record. It will be seen that all this transaction occurred some thirty miles from the location of the real estate, so the plaintiff was not even upon the premises. They were at all times and still are in possession of the defendant. No actual physical change of possession occurred. The plaintiff bases his right to recover upon the fact that there was part performance of the contract by reason of and through the oral lease for a period of less than a year from the plaintiff back to the defendant after the contract of sale had been entered into orally. He contends that this leasing, being without the statute of frauds, constituted such a part performance as takes the original contract out of that statute. This is the sole question in the case.

The appellant cites as an authority sustaining his contention Ungley v. Ungley, L. R. 4 Ch. Div. 73, which we are unable to construe in his favor. It was a case where a father verbally promised, in contemplation of the marriage of his daughter, to give her a house as a wedding present, and immediately after the marriage he put the daughter and her husband into actual possession, and it was held that, the verbal promise to give the house having been established, the possession was a part performance which took the case out of the statute of frauds. There are many cases to the same effect. He also cites note 3, pp. 793-798, of 3 L. R. A. (N. S.) in support of his position; but we are unable to find in the cases cited in such note any authorities which we construe as even tending to sustain the claims of the plaintiff. They are to the effect that taking possession is part performance in such a sense as to take an oral contract of purchase and sale of real estate out of the statute of frauds. After an exhaustive examination of the authorities, we find no case holding, conceding that delivery of possession will take such a contract out of the statute, that anything less than actual physical delivery of possession is sufficient. On the contrary, we find a great number of cases holding that there must be a physical, visible change of possession; that the

change must be an admission of the purchaser into the possession of the land. It seems to be well established that possession taken under a tenancy prior to the contract sought to be enforced cannot serve, when such possession is continued after the contract, as an act of part performance, and there are many cases holding that in such case, if there is no visible change of possession, the occupancy of the premises by the purchaser is inadequate. See Linn v. McLean, 85 Ala. 250, 4 South. 777; Johnston v. Glancy, 4 Blackf. 94, 28 Am. Dec. 45; Abbott v. 76 Land & Water Co., 101 Cal. 567, 36 Pac. 1; Hutton v. Doxsee, 116 Lowa, 13, 89 N. W. 79; O'Brien v. Foulke, 69 Kan. 475; Messmore v. Cunningham, 78 Mich. 623, 44 N. W. 145; Williams v. Morris, 95 U. S. 444, 24 L. Ed. 360; Greenlee v. Greenlee, 22 Pa. 225. It is also held that possession must not only be under the contract as a matter of fact, but it must be such as to be accounted for in no other way than by the oral agreement, and that, if it can as well be referred to something else, such an objection is fatal to the enforcement of the contract. Andrew v. Babcock, 63 Conn. 109, 26 Atl. 715; Meigs v. Morris, 63 Ark. 100.

Possession must be actual, open and notorious to serve as an act of part performance, and with such publicity as attends an open transfer of possession in such a way that the fact itself attests that the parties have bargained. Hill v. Meyers, 43 Pa. 170; Shellhammer v. Ashbaugh, 83 Pa. 28; Cuppy v. Hixon, 29 Ind. 522; Myers v. Byerly, 45 Pa. 368, 84 Am. Dec. 497; Emmel v. Hayes, 102 Mo. 186, 14 S. W. 209, 11 L. R. A. 323, 22 Am. St. Rep. 769. The Supreme Court of the United States has adopted a rule on this class of cases which seems to us to be salutary. It is at least in harmony with the decisions of the courts of most of the states that hold possession part performance. It says that the test in most cases is whether the party let into possession could have been treated as a trespasser in the absence of the parol agreement, and that, it not appearing that the antecedent relations of the defendant to the land in controversy in that case were changed by reason of the contract, and because it would appear that the only change that took place in fact arose from the plaintiff's withdrawal in favor of the defendant and from their refraining to prosecute an adverse claim, that case was not taken out of the statute, both parties in that case having been in possession; and the court holds that, in order to make surrender of possession to the defendant a

sufficient performance to take a case out of the statute of frauds, such surrender must be made in pursuance of the contract and be referable to it. It must be a new possession under the contract, and not merely the continuance of a former possession claimed under a different right or title. Ducie et al. v. Ford, 138 U. S. 587, 11 Sup. Ct. 417, 34 L. Ed. 1091. Numerous cases hold that specific performance will not be enforced of a parol contract for the sale of real estate by one partner to the other, where the only change of possession is the withdrawal of the vendor and the continuance of the vendee in possession; and the same rule is followed where the husband and wife are in possession, and one sells by oral contract to the other, without any visible change of possession. Willmer v. Farris, 40 Iowa, 309. The doctrine of delivery of possession constituting a part performance seems to have arisen, owing to the fact that to hold otherwise would constitute the purchaser in possession a trespasser, and the courts originally adopted this rule to avoid the hardship which would be occasioned the purchaser in case he was a trespasser.

We have considered this case out of its order, because our attention has been called to the fact that great hardship may be saved one of the parties by an early decision, and to this end we have not discussed the principles involved as fully as we might otherwise have done, but simply give the result of our examination of many authorities.

The judgment of the district court is affirmed. All concur.