[Civ. No. 434. Fourth Appellate District.—September 3, 1930.]

GRACE BOLLARD HAWKE, Respondent, v. HENRY S. ELLWANGER, Appellant.

Frank Erzinger and Herman Allen for Appellant.

Wright & McKee and C. M. Monroe for Respondent.

CARY, P. J.—Plaintiff Grace Hawke brought this action in ejectment. Defendant answered denying the allegations of the complaint. He also set up affirmatively that plaintiff's father had for some years prior to the institution of this action been the record owner of the property; that he and defendant had entered into an agreement whereby defendant was to purchase the property; that the deal had gone into escrow, defendant depositing twenty-five dollars

and delivering the necessary mortgages, etc.; that pursuant to such agreement defendant entered into possession of the land and at all times since had been in the open and exclusive possession thereof; that thereafter plaintiff's father repudiated the agreement and attempted to convey the property to plaintiff by recording a deed running to her. The court found in accordance with the allegations of the complaint and, with reference to the affirmative allegations of the answer, found that there was. no agreement between plaintiff's father and defendant regarding the sale of the property; that defendant did not enter into possession of the property pursuant to any such agreement, and that defendant had merely deposited twenty-five dollars in escrow, together with notes, mortgages, etc., which plaintiff's father had refused to accept. On these findings the court gave judgment for the plaintiff.

As neither the plaintiff nor her father ever signed any writing regarding the alleged agreement for the purchase of the property the principal point here involved is whether the facts of the transaction were such as either to take it out of the statute of frauds or to estop plaintiff from relying upon that statute.

Appellant contends (1) that under the facts in the case at bar plaintiff is estopped to rely upon the statute of frauds because she allowed the property to stand in her father's name, her father had control of the property, her father led defendant to believe that he wanted to sell the property and on the strength of such representation defendant signed the escrow papers and went into possession and (2) that defendant's taking possession of the property is such part performance as to take the transaction out of the statute.

Respondent contends that even though it be conceded that defendant had the same rights against plaintiff regarding the property that he had against her father, yet he had none against her father and therefore can have none as against plaintiff.

The facts follow. In May of 1923 Dr. Bollard, father of plaintiff, executed and delivered to her a deed to the property in question which, however, was not recorded. Subsequent to the execution of this deed Dr. Bollard leased the property to the defendant, for grazing purposes by oral

agreement from month to month at a rental of five dollars per month. Defendant went into possession under this verbal lease and continued to remain in possession until after the trial of this action. In may of 1927 negotiations were begun between Dr. Bollard and defendant for the purchase of the property, these negotiations being carried on through one Whipple, a real estate broker. Whipple had no written authorization from either Dr. Bollard or plaintiff to negotiate the sale. The negotiations finally progressed to the stage where defendant signed escrow instructions with a title company, made a deposit with it of twenty-five dollars and likewise deposited a note and chattel mortgage for the balance of the initial payment. The same day these escrow instructions were signed by defendant, Dr. Bollard went to the title company, looked over the papers, was not satisfied with them and wrote defendant that the deal was off. The following day the title company likewise wrote defendant that Dr. Bollard refused to go through with the deal. The 1923 deed from Dr. Bollard to his daughter, the plaintiff, was recorded approximately a month after the escrow instructions had been signed by defendant. Early the following year the plaintiff brought this action in ejectment.

Defendant relies strongly on the fact that his taking possession of the property was such part performance as to take the agreement out of the statute. (Civ. Code, sec. 1741.) But it is quite clear that he did not take possession by virtue of the alleged agreement to sell, since he had already been in possession as a tenant for a number of months. The taking of possession, to be sufficient to take the agreement out of the statute of frauds, must be a taking possession pursuant exclusively to the terms of the agreement sought to be enforced. (*Davis* v. *Judson,* 159 Cal. 121, 131 [113 Pac. 147] ; *Forbes* v. *City of Los Angeles,* 101 Cal. App. 781, 789 [282 Pac. 528] ; *Anson* v. *Townsend,* 73 Cal. 415, 418 [15 Pac. 49].) Here, as in *Abbott* v. *The 76 Land & Water Co.,* 101 Cal. 567, 570 [36 Pac. 1], the taking of possession was clearly referable to the oral lease rather than to the alleged agreement to purchase.

The evidence clearly shows that there is nothing upon which the court could predicate an estoppel. No improvements were made on the property nor did the defendant suffer any detriment whatever in reliance upon the

alleged oral agreement. The only change in his status thereafter was that he ceased to pay rent. We are satisfied that the decision of the trial court is correct.

The judgment is affirmed.

Marks, J., concurred.

Haines, J., *pro tem.,* deeming himself disqualified, did not participate herein.