**In re FORD.**

No. 9532.

District Court, D. Maryland.

May 14, 1941.

Hollen B. Hoffman, of Baltimore, Md., for bankrupt.

W. Ainsworth Parker, of Baltimore, Md., referee.

George J. Lochner, Trustee.

CHESNUT, District Judge.

In this bankruptcy case of Gordon H. Ford, his wife, Naomi A. Ford, filed a petition with the referee to have title to a cottage and surrounding land in Anne Arundel County, Maryland, standing in the individual name of the bankrupt, transferred from his name to his name and her name as tenants by the entireties. The obvious effect of this would be, of course, to remove the asset entirely from the reach

of creditors of the bankrupt, both as to his interest and her alleged interest. The substance of the testimony in support of the petition as found by the referee and contained in his certificate shows the following situation:

On May 30, 1936, the parties were married. At that time the wife owned an interest in Baltimore City real estate and the husband owned, subject to a mortgage, the property in Anne Arundel County, Maryland. The monetary interest of each in the respective properties was not greatly different, being about $1,500. The wife alleged in her petition that she and her husband at that time made an oral agreement that each would transfer their properties from individual ownership to a holding by them as tenants by the entireties. The wife's property was so transferred to husband and wife as such tenants. The husband's property in Anne Arundel County was not so transferred but remains standing in his individual name although a few months after the marriage the former mortgage on the property was released and a new mortgage placed on the property, the wife joining in the deed. She stated that she did not understand that the property was not in her name as a tenant by the entirety jointly with her husband. There was no writing or memorandum of the agreement as required by the fourth section of the statute of frauds which is in force in Maryland. See Alexander's British Statutes, Coe's edition, Vol. 2, p. 690.

Both husband and wife as witnesses before the referee testified to the making of the oral contract and the referee found as a fact that the contract had been made. Apparently he accepted the testimony of the wife although he also apparently discredited on reasonable grounds much of the testimony of the husband as to why the contract if made by him was not carried out.

On October 10, 1940, the bankrupt filed a voluntary petition in bankruptcy and in his schedules listed the Anne Arundel County property as held by himself and wife as tenants by the entireties. Subsequently it was discovered by the trustee in bankruptcy or his counsel, that title to the County property was individually held by the bankrupt subject to a mortgage. The bankrupt's net equity in the property over and above the mortgage and making allowance for the wife's inchoate dower, is less than $1,000.

The referee in a careful and convincing opinion reached the conclusion that the petition of the wife must be denied because it was based only on an oral contract and there was nothing in the facts which would operate, by way of part performance, to take the case out of the statute. The wife has petitioned for review.

After hearing oral argument of counsel and consideration of the papers in the case, I reach the conclusion that the order of the referee denying the petition must be affirmed.

■ The burden of the argument here by counsel for the wife is that the facts found by the referee require a holding that the husband must be regarded as a trustee for the interest of the wife with respect to the County property. I find no basis for this contention. The case does not come within any of the recognized classes of trusts which take the case out of the statute of frauds. See discussion in Leupold v. Leupold, 156 Md. 516, 144 A. 647.

■ Counsel for the wife also contends that the defense based on the statute of frauds has been waived in this case because not specifically pleaded by the trustee. A reference to the petition of the wife and the answer of the trustee filed before the referee, on which the hearing was held, shows that this contention is not tenable. It is true the answer does not specifically plead the statute of frauds but the allegation in the wife's petition of the contract is not admitted by the answer which calls for full proof, which amounts to a denial; and even by the strict requirements of Maryland equity pleading, the result is that the statute is not waived. See Miller's (Md.) Equity Procedure, § 702, p. 806, and the Maryland cases therein cited, including Billingslea v. Ward, 33 Md. 48, 51; Semmes v. Worthington, 38 Md. 298, 317. In addition I do not think the strict rules of Maryland equity practice are applicable to the summary proceeding before the referee in this case which was initiated by the petitioner herself.

■ I agree also with the opinion of the referee that the facts of the case do not constitute part performance which takes it out of the statute of frauds. See Gorsuch v. Kollock, 139 Md. 462, 115 A. 779. As the referee has so fully discussed the matter with specific reference to the Maryland cases, I think it unnecessary to re-state the applicable Maryland law. Reference,

however, may also be made to some decisions of the Supreme Court of the United States which, as I understand it, are substantially to the same effect as the Maryland decisions. Ducie v. Ford, 138 U.S. 587, 594, 11 S.Ct. 417, 34 L.Ed. 1091; Winslow v. Baltimore & O. R. R. Co., 188 U.S. 646, 658, 23 S.Ct. 443, 47 L.Ed. 635.

The doctrine of part performance is of purely equitable origin as the statute of frauds does not expressly include it; and the nature of this case is not such that the Court should extend the doctrine, even if the case were otherwise a doubtful one. Counsel have not cited any case where the doctrine was applied under similar circumstances. As between the husband and wife it would seem that the wife may have an equity with respect to the Baltimore City property formerly held by her individually and later transferred to them as tenants by the entireties, if the husband has not complied with the oral contract set up by the wife.

It is therefore this 14th day of May, 1941, ordered by the District Court of the United States for the District of Maryland sitting in Bankruptcy, that the order of the referee denying the petition of Naomi A. Ford, filed March 25, 1941, be and the same is hereby affirmed.