## WALDRON *v.* MERRILL.

1. Trusts — Resulting Trusts — Payment of Consideration — Effect.

   Under section 8835, 3 Comp. Laws, the fact that complainant furnished the consideration for his divorced wife joining with him in a conveyance of land to defendant does not entitle him to a decree against defendant establishing his title to the land.

2. Same—Parol Trust in Land—Validity.

   Under section 9509, 3 Comp. Laws, no equitable title to land arises from a parol agreement by defendant to reconvey to complainant a parcel of land conveyed to defendant by complainant and his divorced wife in settlement of their property rights.

Appeal from Muskegon; Davis, J., presiding. Submitted February 24, 1908. (Docket No. 104.) Decided September 15, 1908.

Bill by Leonard A. Waldron against Esther E. Merrill to establish a title in certain real estate, and for an accounting. From a decree for complainant, defendant appeals. Reversed, and bill dismissed.

*F. W. Cook* and *Chamberlain & Walker*, for complainant.

*Cross, Lovelace & Ross*, for defendant.

McALVAY, J.    The bill of complaint in this case was filed in the Muskegon circuit court, in chancery, to establish complainant's title to a business lot and building in the city of Muskegon, to compel a conveyance of said property to complainant by defendant, in whose name title stands, and for an accounting between the parties for rents and profits of this property, and certain money transactions between them.    There was but little dispute between the parties upon the principal facts in the case. The court granted complainant the relief asked, confirming the report of a commissioner, to whom had been referred the matter of the accounting, and finding that complainant was indebted to defendant in the sum of $132.17, which was secured by a certain mortgage.    Defendant asks a reversal of this decree.

(1) That complainant is seeking to declare and allege a parol trust void under the statute of frauds.

(2) That the deed to defendant cannot be construed as a mortgage.

(3) That complainant does not come into court with clean hands.

Complainant and defendant are brother and sister. The property in question was first acquired by him many years ago.    By the foreclosure of a mortgage he lost his title.    He afterwards repurchased it.    It is worth about $3,000.    He placed the title in defendant where it remained several years.    She had assisted him with money, and, among other reasons, the title was in her to secure her for bona fide loans of money.    When she first acquired title to this property, defendant gave Cordelia Waldron, who was then complainant's wife, a land contract therefor, for the amount she (defendant) had paid for it, and agreed to convey title and receive a mortgage for the balance when one-half of said amount was paid. On account of trouble between complainant and his wife, it is claimed that the parties to this suit made an arrangement whereby this contract was declared forfeited on account of default in stipulated payments, and thereupon these

parties finally adjusted their relations to this property. Defendant at that time, upon payment by complainant to her of $809—which, with money of her own, went to the discharge of a mortgage given on this property by her at the time she first obtained title for his benefit—on June 2, 1897, conveyed the title to him, taking back a mortgage for $1,000. This mortgage is conceded to have been in part fictitious. She claims it was to secure an actual indebtedness of $400, and complainant that he owed her but $326.25. Defendant admits that from this date until May 24, 1905, she was in possession of this property as complainant's agent, and, but for the fact that complainant does not come into court with clean hands, he would be entitled to an accounting for that period of time.

In February, 1903, complainant's wife obtained a pro confesso decree of divorce from him on service by publication, which decree gave a lien to her upon this property for alimony. Complainant, on defendant's recommendation, consulted her attorney, and upon his advice the parties agreed that the title to this property should be deeded by complainant and Cordelia Waldron to a third person, who was to be this defendant, and by her to be reconveyed to complainant. This deed was executed May 2, 1905, and sent to complainant's counsel for delivery and record, and was by him duly recorded May 24, 1905, complainant having settled with his wife for $100, which she testifies was entirely satisfactory. Defendant refuses to reconvey in accordance with this agreement. Suit was brought with the result given above. The record does not support the claim of defendant that the conveyance from Cordelia Waldron was obtained by fraud. Her testimony fully disposes of any such claim. She united in the deed with complainant for a consideration, freely and with knowledge of the arrangement between the parties to this suit that defendant would reconvey to complainant. Was this agreement to reconvey such a one as will be enforced in a court of equity? This we consider to be the only serious question in the case. The bill was

not filed, nor was relief prayed, upon the theory that the deed to defendant should be construed as a mortgage; and the other proposition, that defendant does not come into court with clean hands, fails in the light of the testimony of Cordelia Waldron. If complainant is entitled to a decree, he must base his right upon one of the following claims: (1) That he furnished the consideration for the grant from his former wife to defendant; (2) that the parol agreement between himself and defendant gave him an interest in land which he can enforce in equity. Neither of these claims is tenable. The first is prohibited by section 8835, 3 Comp. Laws, which reads:

"When a grant for a valuable consideration shall be made to one person, and the consideration therefor shall be paid by another, no use or trust shall result in favor of the person by whom such payment shall be made; but the title shall vest in the person named as the alienee in such conveyance, subject only to the provisions of the next section."

. The second is prohibited by section 9509, 3 Comp. Laws, which reads:

"No estate or interest in lands, other than leases for a term not exceeding one year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by some person thereunto by him lawfully authorized by writing."

To say that a resulting trust arose by this parol agreement is to simply adopt an indirect method of doing precisely what the statute forbids. As a matter of law, therefore, complainant is not entitled to relief.

The decree of the circuit court is reversed, and the bill dismissed, with costs of both courts.

GRANT, C. J., and HOOKER, MOORE, and CARPENTER, JJ., concurred.