FERRY *v*. MILLER.

1. MORTGAGES—DEED AS SECURITY FOR LOAN.

Where a husband and wife, in order to effect a loan, each deed certain lots to parties advancing the funds, and where the husband takes from the grantees a land contract of the premises in consideration that he repay the loan and in pursuance of an oral arrangement with his wife that the real property contributed by her should belong to him, the transaction created a mortgage lien upon all the property, leaving the legal title in the respective owners.

2. DEEDS — REAL PROPERTY — INTERESTS IN LAND — STATUTE OF FRAUDS—HUSBAND AND WIFE.

An oral agreement between a wife and her husband that if he would secure $200 for her use, she would deed to him certain real property, under which arrangement he borrowed money, caused the wife to deed her property to the parties making the advancement, and caused them to execute a land contract to him, is void and conveys no title to the husband under 3 Comp. Laws, § 9509.

3. MORTGAGES—DEEDS—REDEMPTION—SUBROGATION.

Since such transaction and such mortgage were single, complainant, as grantee of the wife's interest in two lots, could not be permitted to redeem her lots by contributing a proportionate amount of the mortgage, but on payment of the entire sum might be subrogated to the rights of the mortgagee in a proportionate interest in the realty not owned by complainant.

Appeal from Calhoun; North, J. Submitted November 16, 1910. (Docket No. 88.) Decided February 1, 1911.

Bill by Sarah B. Ferry against Silas A. Miller, Horace L. Cronk, and Sarah A. Cronk to redeem from a deed given as security for a loan and to obtain other relief. From a decree dismissing complainant's bill, complainant appeals. Reversed.

*Smedley, Hall & Freeland*, for complainant.

*J. M. Powers*, for defendants Cronk.

*D. C. Salisbury*, for defendant Miller.

On November 9, 1907, Ida Mae Miller, wife of defendant Silas A. Miller, was confined in the Calhoun county jail in default of the payment of a fine of $200. On that day she was the owner of lots 93, 94, 95, and 96 of Highland Park addition to the city of Battle Creek. Those lots were subject to an incumbrance of $333.75 to the Port Huron Building & Loan Association, as well as to a lien and attachment placed thereon by defendant Silas A. Miller, which on November 9, 1907, is said to have been without validity. On that day Ida Mae Miller sent for her husband, and urged him to raise the $200 necessary to pay her fine and secure her liberty. She proposed, in consideration of his doing this, to deed to him absolutely the four lots above described. Defendant Miller was unable to raise the sum required upon her four lots alone, but arranged with defendants Cronk to borrow from them $270 upon the security of Mrs. Miller's four lots and lots 148, 32, 40, and 85 of Hutchinson's addition to the city of Battle Creek, which belonged to him. It was arranged that, instead of taking a mortgage, all eight of the lots should be deeded to the Cronks, which was done as follows: Miller and wife joined in making a deed of his four lots, and Ida Mae Miller deeded her four lots individually to the Cronks. Thereupon the Cronks executed a land contract to defendant Silas A. Miller covering all eight of the lots, which provided for the conveyance to him of all of them upon payment of the sum of $270 and interest at a date named. Miller used $200 of this sum to pay his wife's fine, and retained the balance for his own use. On November 30, 1908, Ida Mae Miller, for a valuable consideration, deeded to complainant lots 93 and 94, being two of the lots she had previously conveyed to the Cronks, upon which there stood a dwelling.

Later complainant went into possession of the two lots, and filed her bill of complaint against all of the defendants, praying for an accounting and for permission to redeem from the mortgage to the Cronks. To this bill of complaint defendants Cronk answered, admitting that the deeds were taken as security for the loan only, and by cross-bill asked for a foreclosure of their mortgage lien. Defendant Silas A. Miller answered and filed a cross-bill, wherein he prayed that he be decreed to be the owner of the eight lots subject to the mortgage to the Cronks. A decree was entered holding defendant Miller to be the owner of all eight of the lots, and providing for the foreclosure of the mortgage lien of the Cronks. From this decree, complainant appeals.

BROOKE, J. (*after stating the facts*). The only question presented by this record is whether Mrs. Miller or her grantee owns the four lots she conveyed to the Cronks, subject to their mortgage lien, or whether they belong, as held by the learned circuit judge, to her husband. It is not questioned upon this record that Mrs. Miller agreed with her husband that, if he would raise the amount of her fine and secure her release from jail, she would deed absolutely to him, or to any one for him, the four lots she owned. He testifies (and is not contradicted) that he took her deed directly to the Cronks, instead of to himself, in order to save the expense of making and recording an additional deed. She did not, however, in fact, convey to him, and he, in fact, paid her nothing for her conveyance to the Cronks. It seems to us clear that the legal effect of the transaction was to create a mortgage lien upon all of the property, the legal title to which remained in the individuals who each contributed four lots as security for the loan. At the time of the transaction it is no doubt true that Ida Mae Miller believed she was absolutely divesting herself of title to her four lots. This, however, was not the legal effect of her act. Her agreement to convey to her husband was

void under the statute (3 Comp. Laws, § 9509), and cannot be enforced. *Messmore* v. *Cunningham*, 78 Mich. 623 (44 N. W. 145); *Waldron* v. *Merrill*, 154 Mich. 203 (117 N. W. 631); *Detroit, etc., R. Co.* v. *Hartz*, 147 Mich. 354 (110 N. W. 1089); *Nester* v. *Sullivan*, 147 Mich. 493 (111 N. W. 85, 1033, 9 L. R. A. [N. S.] 1106).

The decree of the court below is affirmed as to defendants Cronk, with costs of both courts. The transaction was a single one and the mortgage a single one. Therefore it is impossible to permit complainant to redeem upon payment of a proportionate amount of the mortgage. Upon payment of the whole amount, however, she may be subrogated to the rights of the mortgagee and collect a proportionate amount from the six lots not owned by her.

Complainant will recover costs of both courts against defendant Silas A. Miller.

BIRD, McALVAY, BLAIR, and STONE, JJ., concurred.