*91 opinion.
Yan Fossan:
The primary question for determination is whether or not petitioner is a trust the income of which is taxable to the beneficiaries thereof pursuant to section 704 (b) of the Act of 1928. That section is as follows:
For the purpose of the Revenue Act of 1926 and prior Revenue Acts, a trust shall, at the option of the trustee exercised within one year after the enactment of this Act, be considered as a trust the income of which is taxable (whether distributed or not) to the beneficiaries, and not as an association, if such trust (1) had a single trustee, and (2) was created and operated for the sole purpose of liquidating real property as a single venture (with such powers of administration as are incidental thereto, including the acquisition, improvement, conservation, division, and sale of such property), distributing the proceeds therefrom in due course to or for the benefit of the beneficiaries, and discharging indebtedness secured by the trust property, and (3) has not made a return for the taxable year as an association.
The two instruments dated, respectively, April 14, 1922, and January 16, 1924, which are substantially set forth in the findings of fact, must be read together and, so read, their provisions are determinative of the characteristics of the trust involved in this pro *92 ceeding. Except as to the provisions of Article III the instrument of April 14, 1922, is an ordinary deed of trust to secure bondholders which, in legal effect, created between Eobert Oakman and the Union Trust Company the relationship of mortgagor and mortgagee. Ferry v. Miller, 164 Mich. 429; 129 N. W. 721; Schmidt v. Barclay, 161 Mich. 1; 125 N. W. 729; Ruch v. Ruck, 159 Mich. 231; 124 N. W. 52. So far as the relationship of mortgagor and mortgagee is concerned, the trust created is a passive trust and not a taxable entity. But Article III of the trust indenture, which is set forth in full in the findings of fact, created an active trust, which is taxable. That article provides, among other things, that until Eobert Oakman shall default in the payment of principal or interest of the bonds issued by him, as stated in the instrument, or in any other covenant or agreement by him to be performed, the Union Trust Company shall continue to possess, manage, operate and develop the lands conveyed to it by the instrument, to plat and subdivide unplatted lands, to undertake such building operations as in its judgment might be desirable and “ in general to care for and operate said lands as a going liquidating real estate business.” Article III of the instrument dated April 14, 1922, also provides for the disposition by the trustee of interest and of principal funds collected from land contracts, mortgages, and sales of the property conveyed in trust, and it further provides that any interests not necessary for the requirements of the sinking fund created by the terms of the article are to be subject to withdrawal by Eobert Oakman.
The agreement dated January 16, 1924, executed by Eobert Oak-man and the Union Trust Company, the petitioner, is supplemental to the deed of trust dated April 14, 1922. It recited that the major portion of the properties conveyed to the Union Trust Company by Eobert Oakman by the trust indenture of April 14, 1922, had been sold on contract, that an additional loan of $280,000 had been made by the Union Trust Company to Eobert Oakman, secured by the properties conveyed by the first instrument, and that Eobert Oakman desired to make a gift to his wife and to certain nephews and nieces of all his interest in such trust properties. Eobert Oakman’s interest under the trust indenture of April 14, 1922, which he desired to transfer to his wife and certain nieces and nephews was his equity in the property conveyed in trust and his right to certain excess interest. The second instrument, namely, that of January 16, 1924, in explicit terms directs the trustee to continue to “ manage, handle and administer ” the properties conveyed by the first instrument “ as a going liquidating real estate business ” and to continue the same general policy of operation as theretofore in force with a view to the conservation and firm establishment of the trust estate. These purposes and policies are declared to be of paramount importance in de *93 termining the “ amount of any current distribution to be made to the beneficiaries hereunder.” The second agreement further directs that all of the net funds and avails realized in liquidation of the land contracts and properties in excess of the requirements of the trust indenture of April 14, 1922, and of the requirements of the additional loan of $280,000 shall be paid to the beneficiaries named in the agreement in specified proportions, except that no principal funds shall be paid to any beneficiary who is a minor and that any minor’s distributive share of principal funds shall be held in trust by the Union Trust Company for such minor’s benefit and account until the minor reaches his or her majority. In order fully to effectuate the purposes of the agreement Robert Oakman granted, sold, assigned and conveyed to the trustee, the petitioner herein, all his right, title and interest to the properties and land contracts covered by the trust indenture of April 14,1922, and all his equity thereunder and the trustee was directed to continue the collection and liquidation of the properties until the purposes of the trust indenture and “ of the trusts herein created be accomplished and all of said properties turned into cash or the equivalent thereof and distributed as herein provided.”
It is apparent from the provisions of the two instruments under discussion that the properties conveyed by the trust indenture dated April 14, 1922, constituted what is commonly called a “ real estate development,” and the purpose of the active trust created by Article III of the trust indenture was to continue the development of the properties by the methods described in that article to the end that pending the maturity of the bonds secured by the properties conveyed those properties might be turned into cash or its equivalent as expeditiously and advantageously as possible for distribution under the terms of the indenture. All the provisions of both instruments with reference to the handling or investment of surplus principal funds are subordinate and incidental to this main purpose. It is also apparent that under the indenture of April 14, 1922, the Union Trust Company, the petitioner herein, had two capacities, namely, that of a mortgagee for the benefit of bond owners and that of managing and operating a going liquidating real estate business as trustee. Under the first of these capacities no taxable entity was created. The active trust, however, is a taxable trust.
The instrument dated January 16, 1924, which is supplemental to and became a part of the first instrument, does not in any way alter the characteristics of the active trust created by such first instrument. The second instrument shows that the major portion of the trust properties had been sold on land contracts and were, therefore, in process of due liquidation. It also extended the benefit of the security to the holders of an additional loan. But it did not effect *94 any material change in the purposes of the active trust. On the contrary it ratified and continued those purposes. In ultimate effect it simply changed the beneficial ownership of the equity arising under the trust indenture and directed distribution of the surplus of principal funds and interest to the new beneficial owners. It is true that the second instrument directs that any amount of principal funds distributable to beneficiaries who were minors, of whom there were two, should be held in trust for the benefit of such minors until they, respectively, arrived at majority. But this direction related simply to the method of distributing principal funds. It had no effect upon the characteristics of the trust in question.
In our opinion the trust created for the beneficiaries named in the second instrument is within the conditions and limitations of section 104 (b) of the Revenue Act of 1928. That trust has a single trustee who, within a year after the passage of the statute referred to, exercised the option therein provided by notifying the respondent that it elected to have the trust considered as a trust, the income of which is taxable (whether distributed or not) to the beneficiaries thereof. The trust has not made a return as an association for the respective taxable years. It was created and operated for the sole purpose of liquidating real property as a single venture. The powers of administration as set forth in the instruments creating the trust are incidental to its purpose and the trustee is authorized to distribute the proceeds of the trust properties to or for the benefit of the beneficiaries and to discharge the indebtedness secured thereby.
Therefore, for the taxable years in question, the income of the trust involved in this proceeding, whether distributed or not, is taxable to the beneficiaries and not to the petitioner. In view of this decision of the principal issue, it is unnecessary to discuss the alternate issues alleged by the petitioner.
Reviewed by the Board.

Decision will he entered under Rule SO.