HON. LUKE P. POLAND,  
HON. JOHN PIERPOINT,  } ASSISTANT JUDGES.  
HON. JAMES BARRETT.

---

## DANA & HENRY *v.* JOSEPH HANCOCK.

*Contract. Statute of Frauds. Evidence.*

If a contract is of such a character that it is required by the statute of frauds to be in writing, and, after it has been reduced to writing, new terms are *orally* agreed upon, such new terms are not receivable in evidence.

If mere oral alterations be made in a written contract, it is thereby reduced to the grade of a mere unwritten contract, and any action for its breach must be brought accordingly.

A written contract was made between the plaintiffs and the defendant for the sale of real estate by the latter to the former, one of the provisions of which was that a certain person should survey the land. The parties, not being able to obtain the services of this particular surveyor, made a verbal agreement to procure another, who accordingly surveyed the land, after which the defendant refused to convey the premises. In an action against him for the breach of the written contract, it was held that the plaintiffs could not be permitted to prove the verbal alteration in the contract, because such alteration reduced the whole contract to the grade of a mere verbal agreement for the sale of lands, upon which the statute of frauds provides that no action can be maintained.

ASSUMPSIT for the breach of a written contract to convey certain real estate. Plea, the general issue, and trial by the court, at the March Term, 1856,—POLAND, J., presiding.

On trial, the plaintiff read in evidence the following written contract, and proved its execution by the defendant.

"In consideration of one dollar paid to me by Luther Henry and G. W. Dana, I hereby agree to execute and deliver the said Henry & Dana, or their order, a good and sufficient warrantee deed of all the land deeded to me by James Town, by deed dated March 15, 1839, said land lying in the town of Berlin, and adjoining the farm which Levi Boutwell now owns — except the island, which I deeded to W. W. Farr — as soon as the said Henry & Dana get the said land surveyed and pay me two hundred dollars down in cash, and execute four promissory notes, payable in one, two, three and four years from the first day of May, 1853, of one hundred dollars each. It is understood, however, that the said Henry & Dana take the said land in whole for six hundred dollars, or at the rate of ten dollars for each and every acre. Said notes of Henry & Dana to be secured by mortgage on said land. And the said Henry & Dana are to pay all the taxes after the year 1853.

And the said Henry & Dana are to be at the expense of surveying, and the same is to be done, land surveyed and money paid within ten days after this date.

J. S. Demmon is to survey the land.

        (Signed)                JOSEPH HANCOCK."
Montpelier, May, 16, 1853."

The plaintiff then offered to prove by parol evidence that a day was fixed by the plaintiff and the defendant to have the land surveyed, as named in the above recited contract, which was about five or six days after the date of the same; that on that day J. S. Demmon, who is named in said contract, could not be procured to make the survey, and that the parties then mutually agreed upon one Dan. M. Demmon to make the survey, instead of J. S. Demmon; and that Dan. M. Demmon went on and surveyed the same, the parties being present; that the plaintiffs then offered to perform and fulfil the said contract on their part, according to the terms of the contract, but that the defendant wholly refused to convey the land to the plaintiffs.

The defendant objected to any parol evidence to show any change in the contract, or the substitution of D. M. Demmon for J. S. Demmon.

The court sustained the objection, and rejected the evidence. The plaintiffs thereupon submitted to a judgment for the defendant, with leave to except to this ruling of the court.

*L. Henry*, and *Dillingham & Durant*, for the plaintiffs.

*F. F. Merrill*, for the defendant.

The opinion of the court was delivered by

REDFIELD, CH. J.    The only decision of the court which was excepted to, and which seems to have been made in this case, was that rejecting the oral evidence offered to show a change in the written contract by substituting another person for the one named in the contract, to make the survey of the land.    We can not, therefore, with any propriety, consider any other question.    Upon this decision the plaintiff submitted to a judgment against him, with leave to except to this ruling of the court.

In regard to this question, the English authorities, and those in this country, as far as we have been able to examine them, seem to be all in one direction.    In regard to all written contracts where alterations are made without writing the substituted agreement all virtually rests on mere oral evidence, and if an action is to be maintained, it should be predicated upon the altered contract, and not

upon the original one. And if the original contract is set forth in the declaration, it is merely as inducement to the contract finally consummated by the alteration.

It is upon this ground that it has been often held in this state, that when a contract under seal is altered in any of its terms by an oral contract, the contract thereby becomes merely a simple contract, and no action can be maintained upon the original contract.

This rule applies with special force to contracts for the sale of land, which by the statute of frauds are required to be in writing. If any of the terms of such contract are altered by contract not in writing, the entire contract is thereby reduced to the grade of a mere unwritten contract, upon which the statute expressly declares that no action shall be maintained.

This is expressly declared in *Goss* v. *Lord Nugent,* 5 B. & Ad. 66; *Parteriche* v. *Powlet,* 2 Atk. 384; and in the comparatively late case of *Stowell* v. *Robinson,* 3 Bing. N. C. 928.

And so late as 1836, in *Harvey* v. *Grabham,* 5 Ad. & Ellis 61, upon elaborate consideration, it is fully determined that it is not important whether the alteration of the contract is in a particular which was originally required by the statute to be in writing, or not. If any alteration is made in the contract so that part of it has to be proved by oral evidence, it ceases to be a contract in writing, and is thus exposed to all the evils which the statute was intended to remedy. And in this case, the alteration was in the very particular offered to be shown in the present action.

And it seems to us that a moment's reflection must satisfy every one that if the action is only to be maintained upon the oral evidence offered at the trial, the action is not maintained upon any contract in writing.

It does not seem to have been claimed in the county court that the plaintiffs could get along with their case without showing a survey of the land, the offer to accept a deed being made probably upon that basis, the full six hundred dollars not having been tendered perhaps, but a less sum. The defendant, then, did show a defence under the written contract, as no survey was made in accordance with its terms. And he may stand upon that defence, so far as his liability to an action is concerned.

If a waiver of performance of a contract in writing is attempted

to be shown by oral evidence, as matter of defence, it is perfectly competent, even in cases where the contract is under seal, as was long since held in this state; *Lawrence* v. *Dole*, 11 Vt. 549.

And the same rule is now well established in regard to the defence of actions upon contracts within the statute of frauds, although it was for a long time questioned by the courts, whether such a con- tract could be waived by an unwritten contract.

Judgment affirmed.