CHARLES L. MESSMORE v. MICHAEL CUNNINGHAM ET AL.

*Statute of frauds—Specific performance—Rights of subsequent purchaser.*

1. The principle is well settled that, in order to satisfy the statute of frauds, the memorandum must contain the substantial terms of the contract, expressed with such certainty that they may be understood without resort to parol evidence.
2. The doctrine is well established that as between landlord and tenant, when the tenant is in possession at the date of the agreement to purchase, holding under the lease, continuance in possession is not an act of part performance to take the case out of the operation of the statute of frauds.
3. Where the bill and answer in a suit for specific performance make an enforcible agreement for the purchase of land, which, without the admissions of the answer, is void under the statute of frauds, the equities of the complainant *thus* established cannot override the legal title of an intervening purchaser with notice of the void contract, which the defendant had elected to treat as void by conveying the land to said purchaser.

Appeal from Sanilac. (Beach, J.) Argued November 5, 1889. Decided December 28, 1889.

Bill to enforce specific performance of a contract for the sale of land. Defendants Burbanks appeal. Reversed and bill dismissed. The facts are stated in the opinion.

*Brennan & Donnelly* and *John Divine,* for complainant.

*Elbridge F. Bacon,* for appellants.

CHAMPLIN, J. This is a bill of complaint to enforce the specific performance of a contract between Messmore and Cunningham for the sale of land.

The contract was as follows:

"MINDEN CITY, MICH., July 27, 1887.
"Cunningham to give q. c. d. of house and lots in

Minden, and w. deed for one lot on Bostwick Ave., 2d or 3d lot next to the alley back of Waterman, in Detroit, and furnish a Burton abstract of this lot with the other seven lots owned at present by Messmore, in Detroit; Messmore to give $300 in cash, and the horse Gypsy, which is now owned by Messmore, and to pay the taxes on said h. and lot.          CHAS. L. MESSMORE.
                                         " M. CUNNINGHAM."

Underneath the contract was the following:

"House and lots mentioned are lots five and six, in block three, of Haviland's addition to Minden."

Messmore testified that the above was written under the contract when the parties were both present, after it was signed, and before it was delivered.   Cunningham testified that it was written upon the. contract after it was delivered.   The complainant in his bill further states as follows:

"Complainant further shows that, at the time of his purchase of said lots five and six in Minden, as aforesaid, the said Cunningham was indebted to complainant in the sum of one thousand dollars, with interest, and that the payment thereof was secured to complainant by mortgage upon said lots five and six, of said Minden, and that the sale of said lots five and six by said Cunningham to complainant, as aforesaid, was of his interest only in said lots five and six, and that the fulfillment of the said contract by the said Cunningham, by execution and delivery to said complainant of said deeds as provided by said contract, was to be a payment to complainant of said mortgage; that the offer to sell his interest to complainant in said lots by the said Cunningham was, as complainant is informed and believes, for the purpose of paying said mortgage,—he, the said Cunningham, informing complainant at the time of the making of said contract that he desired to make said conveyance for that purpose, as it was more convenient to pay said mortgage by a sale to complainant than in any other way."

It thus appears from complainant's own showing that a very material portion of the agreement is not contained in the writing, but rested in parol.   The principle is

well settled that, in order to satisfy the statute of frauds, the memorandum must contain the substantial terms of the contract, expressed with such certainty that they may be understood without resort to parol evidence.

It is plain that this contract or memorandum does not comply with the statute. The complainant, however, seeks to avoid this difficulty by showing a part compliance. He alleges that he entered into possession under the agreement, and has made valuable improvements thereon. As to his entering into possession, it appears that he was, and for some time previously had been, in the possession of the house and lot in Minden City as a tenant under Cunningham, and he continued to reside upon the premises after the agreement was made. The lease was not surrendered, although afterwards complainant made a memorandum thereon as follows:

"Cunningham lease. House, lots, and place bought July 27th, 1887;"—

And he testified that after that he occupied as owner, and paid no more rent. But we think the doctrine well established that as between landlord and tenant, when the tenant is in possession at the date of the agreement, holding under his lease, continuance in possession is not an act of part performance. Wood, Stat. Frauds, § 193, and cases cited in note 3.

There may be cases where the rule would not apply,— when some change in the circumstances or business arrangement of the parties, or one of them, would make it inequitable to hold to the general rule; but such is not the case here. The claim of having made valuable improvements is not sustained by the proofs. He merely made some slight repairs to the roof to prevent it from leaking, and nothing more than a tenant would be bound

to do. No part of the consideration has been paid. He did not surrender the evidence of indebtedness secured by the mortgage, nor release it, nor discharge the mortgage.

Cunningham refused to convey, alleging, as an excuse, that his wife would not join in the deed. On August 26, 1887, Cunningham and his wife executed and delivered to Fanny R. Burbanks a warranty deed of the Minden City lots, subject to the mortgage to Messmore for $1,000, which she assumed and agreed to pay as part of the consideration for the deed. The balance of the consideration was agreed upon as $200 in money, a gold watch, and a horse. The watch was delivered, $199 of the money was paid over, $1 being retained by Mr. Bacon for drawing the deed. The horse has not been delivered.

This deed was the result of negotiations entered into between Frank E. Burbanks, the husband of Fanny, and Cunningham, immediately after the memorandum was entered into between Messmore and Cunningham; and, under the testimony, we think it clear that Burbanks had notice of the agreement between Messmore and Cunningham, but insisted that it was invalid, and did not prevent Cunningham from selling to him. Cunningham agreed to sell, and Burbanks directed the deed to be made to his wife, which was done. Cunningham answers separately, and admits the facts stated in complainant's bill to be true. The bill and his answer make an agreement which could be specifically enforced as between him and Messmore, and raises the singular question whether the equities of Messmore can override the legal title of an intervening purchaser with notice of a contract void under the statute of frauds. I think it cannot. At the time Cunningham conveyed to Mrs. Burbanks, who was a purchaser for value, the agreement between Messmore

and Cunningham was void, at the option of Cunningham. By conveying to Burbanks for value he elected to treat it as void. He has received a part of the consideration, and can enforce the whole, and it would be a fraud for him, after conveying away his title, to infuse life into the void contract, so as to enable him to receive the consideration from Messmore or to invalidate a legal contract he has made with Burbanks. This view entails no hardship upon Messmore. He has parted with nothing. He retains his mortgage upon the place, and the money and horse which he had agreed to give Cunningham for a deed of the place.

I think the decree should be reversed, and bill should be dismissed, with costs of both courts. The defendants ask the benefit of a cross-bill in their answer, and ask for a decree declaring the contract void, and as a cloud upon Fanny Burbank's title. We have come to the conclusion that it is void, and that it does not constitute a cloud upon her title.

SHERWOOD, C J., MORSE and CAMPBELL, JJ., concurred. LONG, J., did not sit.