## BONICAMP v. STARBUCK.

No. 2208, Okla. T. Opinion Filed January 11, 1910.

(106 Pac. 839.)

**FRAUDS, STATUTE OF—Modification of Written Contract.** Parties to a written agreement within the provisions of the statute of frauds may not by subsequent oral agreement add to or alter one or more of its terms, and thus make a new contract resting partly in writing and partly in parol; and where they do, in a suit on said new contract, testimony to establish such subsequent agreement is not admissible in evidence.

(Syllabus by the Court.)

*Error from Probate Court, Kay County; R. L. Howsley, Judge.*

Action by W. H. Starbuck against John Bonicamp. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Tetrick & Curran,* for plaintiff in error.—Citing: Beach on Contracts, secs. 577, 579, 75; 1 Greenleaf on Evidence, sec. 268 ; 29 A. & E. Enc. L. 824, 825; 2 Rice on Evidence 1261; *Swain v. Seaman,* 9 Wall. 254; *Ringer v. Holtzclaw,* 112 Mo. 519; *Reid v. Kenworthy,* 25 Kan. 701; *Fuller v. Reed,* 38 Cal. 99; *Bumpus v. Bumpus,* 53 Mich. 346; *Dayton v. Stone,* 111 Mich. 196; *Gates v. Gamble,* 53 Mich. 181; *Wardel v. Williams,* 62 Mich. 50; *Scholtz v. Insurance Co.,* 100 Fed. Rep. 574; *Alabama, etc., Co. v. Jackson,* 121 Ala. 172.

*John S. Burger* and *H. S. Gurley,* for defendant in error.—Citing: *Morrison v. Dickey* (Ga.), 46 S. E. 863; *Brant v. Vincent,* 100 Mich. 426; *Flanders v. Fay,* 40 Vt. 316; *Danforth v. MsIntire,* 11 Ill. App. 417; *Hope v. Balen,* 58 N. Y. 380; *Deisher v. Stein* (Kan.) 7 Pac. 608; *Powell v. McAshan,* 28 Mo. 70; *Nonamaker v. Amos,* 73 Ohio St. 103; *Stark v. Wilson,* 6 Ky. 476; *Cummings v. Arnold,* 3 Met. (Mass.) 486; *Stearns v. Hall,* 9 Cush. (Mass.) 31.

TURNER, J.   On May 2, 1906, W. H. Starbuck, defendant in error, sued John Bonicamp, plaintiff in error, in the probate court of Kay county in damages for the alleged breach of a lease, dated November 1, 1905, wherein the latter undertook to. lease to the former for a period of five years from that date a two-story building of certain dimensions located in Blackwell, Okla., "at a monthly rent of $70 per month, said sum to be increased at the rate of 15 per cent. of the sum expended by the first party for purchase price and improvements in excess of the sum of $4,550; first party to make all necessary improvements and repairs to put property in first-class condition to be occupied as a first-class hotel.   Parties to this contract to agree on the improvements necessary therefor."   After answer admitting the execution of the lease and a general denial and reply thereto filed, there was trial by a jury, which resulted in a judgment for plaintiff for $817.50, and on second trial for $640, and after motion for a new trial filed and overruled, to which defendant excepted, he brings the case here for review by petition in error and case-made.

To maintain the issues on his part, plaintiff, among other things, introduced in evidence the lease providing as aforesaid, proved that defendant had refused him possession thereunder and had leased the premises to another, and, pursuant to allegations in his petition, over the objection of defendant, was permitted to introduce parol testimony in effect that shortly after the execution and delivery of the lease plaintiff and defendant agreed on what improvements and repairs were to be placed in said building to put it in first-class condition to be occupied as a first-class hotel, which was, among other things, that a bakeshop should be built in the rear of the premises, that the building should be painted and finished, the necessary partitions put up, sewerage and waterworks connection made, and that the rent of the premises thereafter should be $90 per month.

It is contended by plaintiff in error that the court erred in admitting said testimony, because he says that the terms of said lease could not be altered except by a contract in writing,

and therefore the judgment is contrary to law. The testimony is objectionable for the reason that a lease for five years is one required by the statute of frauds to be in writing, which must contain the whole contract. To permit a party to sue partly on a written and partly on an oral agreement, as is here attempted, would be in direct contravention of the statute. 1 Beach on Contracts, § 579, lays down the rule as stated and in section 577 says:

"It is also the general rule that the evidence necessary to take the contract out of the statute of frauds must be furnished by the writings; parol evidence not being admissible to supply evidence not found in the writings."

*Dana & Henry v. Hancock,* 30 Vt. 616, 29 Am. & Eng. Enc. of Law, 824, says:

"The general rule is, contrary to the rule of common law, that parties to a written agreement coming within the provisions of the statute of frauds may not, by mere oral agreement, alter one or more of the terms thereof, and thus make a new contract, resting partly in writing and partly in parol. And it has been said that it is not important whether or not the alteration is in a particular which was originally required by the statute to be in writing. If any alteration is made, so that part of the contract has to be proved by oral evidence, it ceases to be a contract in writing, and is thus exposed to all the evils which the statute was intended to remedy."

Woods on Statute of Frauds, sec. 385, says:

"It is by the written contract alone that the parties are bound, and more especially is that so in a case where, as here, the contract is one which by the statute of frauds is required to be in writing. *The intention of the Legislature was that the writing should be the evidence, and the only evidence, of the contract and that there should be no occasion to look beyond it.*"

The lease providing, as it does in effect, that plaintiff was to make all necessary improvements and repairs to put the premises in first-class condition to be occupied as a first-class hotel, and that the parties thereto were thereafter to agree on what improvements and repairs were necessary so to do, standing alone was incapable of enforcement for uncertainty, for the reason that on its face it left some essential terms to be agreed on in

the future. *Ringer v. Holtzclaw,* 112 Mo. 519, 20 S. W. 800;
*Dayton v. Stone,* 111 Mich. 196, 69 N. W. 515; *Bumpus v.
Bumpus,* 53 Mich. 346, 19 N. W. 29; *Wardell v. Williams,* 62
Mich. 50, 28 N. W. 796, 4 Am. St. Rep. 814; *Gates v. Gamble,*
53 Mich. 181, 18 N. W. 631. Recognizing this fact, defendant
sought to sustain his cause of action by a subsequent oral con-
tract, the subject-matter of which is found in the original writ-
ing, while the contract itself is found in the subsequent oral
agreement sought to be proved, connecting itself with the writ-
ing as a part of its terms. To enforce said contract would prac-
tically annul our statute, *supra,* and the statute of frauds. If
a part of the entire contract is void under the statute, it is
void *in toto* (*Fuller v. Reed,* 38 Cal. 99), and thereby becomes
reduced to the grade of a mere unwritten contract (*Dana &
Henry v. Hancock,* 30 Vt. 616). Such subsequent oral agree-
ment varied the terms of the writing contained in the lease, and
plaintiff cannot recover upon said writing as thus qualified.

Browne on Statute of Frauds (5th Ed.) § 411, says:

"It seems to be well established that where a contract af-
fected by the statute has been put in writing, and the plaintiff,
in a case of subsequent oral variation of some of the terms of
the written agreement, declares upon the writing as qualified by
the oral variation, he cannot prevail."
—citing *Cuff v. Penn,* 1 Maule & S. 21, *Goss v. Lord Nugent,*
5 Barn & Ad. 67, *Harvey v. Grabham,* 5 Ad. & E. 61, *Stead v.
Dawber,* 10 Ad. & E. 57, and *Marshall v. Lynn,* 6 Mees. & W.
109, concerning all of which he says in section 415:

"The ground upon which the cases just cited were all de-
cided is this: That the plaintiff sued upon a contract which the
statute of frauds required to be in writing, but which in fact
was partly in writing and partly in parol; and that although
originally put in writing, and varied only as to the manner of
performance, still the suit could not be said to be upon the orig-
inal written contract, but upon a new contract made out by in-
corporating therewith certain oral stipulations."

In *Alabama Mineral Land Co. v. Jackson,* 121 Ala. 172, 25
South. 709, 77 Am. St. Rep. 46, the former brought suit against

Jackson on the alleged contract in writing to purchase certain timber. The issue raised on a demurrer to this plea of the statute of frauds was whether said alleged contract was void under such statute. The trial court in effect held that it was, which holding was affirmed by the Supreme Court. The writing sued on was signed by both plaintiff and defendant. By its terms the latter was to purchase from the former at a stipulated price per acre "the timber from a continuous block of 10,000 acres, consecutive sections, in a northwesterly line from Maplesville, townships 21 and 22," the purchaser to determine upon a continuous body of lands and to designate the same to the seller on a day named. The writing further stipulated that in "case of any material tract recently timbered having been cleared of said timber, or pillaged of same to any material extent, the seller will substitute other lands for cutting in its stead" at any time prior to a certain date. The purchaser failed to designate the lands or pay therefor as provided in the contract, and the land company brought suit in damages for the breach thereof. Defendant pleaded, among other things, the statute of frauds for insufficient description of the land, an interest in which was in-intended to be embraced in the contract. Plaintiff demurred to the plea, which was overruled, and plaintiff appealed. The court, in passing, held in effect that under the statute of frauds the written memorandum must describe the subject-matter directly or by reference to something outside of the writing, by resorting to which certainty might be obtained, that the contract furnished no such identification of the land intended to be sold, but, on the contrary, expressly referred the segregation and identification of it to be fixed by subsequent acts *in pais,* and for that reason was void and would not support an action in damages, and, in passing, said:

"So long as the particular lands are not determined upon by Jackson and designated by him to the company, the whole agreement remains at large as to the thing intended to be contracted about, the infirmity of the absence of identification still attaches to the writing, and it cannot be said that there is any con-

tract to sell any land because there is no contract to sell any particlar land. Had Jackson determined upon and designated the particular 10,000 acres to be sold and purchased, and evidenced such determination and designation by writing, the effect would have been to complete, or, to speak accurately, to *make,* a contract for the sale of land where no contract before existed"—
and, after holding that, every requisite of the contract not being in writing, there was no written contract, but that the whole lay in parol, in the syllabus said:

"A paper writing, by the terms of which one party agrees to sell and another to purchase the timber from a designated number of acres of land which are to be selected by the purchaser, is to all intents and purposes, an agreement to make a contract for the sale and purchase of land, and is, until a selection is made, in writing, void under the statute of frauds."

Hence we conclude that the testimony was improperly admitted, and the judgment contrary to law, in that it was based upon a parol contract void under the statute of frauds, and are of the opinion that the case should be reversed, unless, as is contended by defendant in error, there has been sufficient partial performance to take the contract out of the statute. On this point the testimony discloses that plaintiff, in anticipation of taking possession under his lease with the knowledge of defendant, had purchased tables and tableware, linen, counters, shelving, office furniture, and fixtures for use in said hotel, which depreciated in value because of defendant's failure to turn over the premises and plaintiff's consequent inability to so use them.

Defendant in error cites no authority in support of his contention that such would constitute a part performance, and, as we are unable to find any, the case is reversed and rendered.

All the Justices concur.