## BAKER v. HASWELL & TAYLOR.

No. 1975.   Opinion Filed September 17, 1912.

Rehearing Denied December 24, 1912.

(128 Pac. 1086.)

1.   **FRAUDS, STATUTE OF—Sale of Lands—Contract.**   An agreement for the sale of lands is not valid within the statute of frauds, unless all the terms of the contract, including the consideration to be paid, are evidenced by writing.

2.   **CONTRACTS—Written Contracts — Alteration—Unexecuted Oral Agreement.**   A contract in writing may not be altered by an unexecuted oral agreement.

3.   **VENDOR AND PURCHASER — Contract — Breach — Issues and Proof.**   Where, by written agreement, defendant promised to convey land to plaintiff upon the payment of $6,480 in cash, plaintiff cannot recover for breach of the contract, where the evidence shows that he was not ready and willing to pay the cash, but was ready and willing to pay part of the purchase price and to give a note payable in one year secured by mortgage for $2,500, balance of the purchase money, although, by oral agreement made subsequent to the written one, the parties had agreed that the consideration might be paid in this way.

(Syllabus by Rosser, C.)

*Error from District Court, Oklahoma County;*
*George W. Clark, Judge.*

Action by C. M. Baker against Haswell & Taylor.   Judgment for defendants, and plaintiff brings error.   Affirmed.

*S. A. Horton,* for plaintiff in error.

*Everest, Smith & Campbell,* for defendants in error.

Opinion by ROSSER, C.   This was an action on a contract for the sale of land.   There was a judgment for defendants, and plaintiff has appealed.

To use the language of plaintiff's brief, it "is a case growing out of the speculative contract, which was entered into about the time the packing plant arrived at Oklahoma City."   One Geiser owned the land which was the subject of the contract, and the defendants, Haswell & Taylor, entered into a contract

with him to purchase it from him, and they, or one of them, paid him $500 of the purchase price. Thereafter the following contract was made with plaintiff:

"Received of C. M. Baker, $20.00 as part payment on block 7, College Hill addition to Oklahoma City, Oklahoma. Balance six thousand four hundred and eighty dollars, payable on or before Saturday noon, 5-22-09. Haswell & Taylor. By Taylor."

After the contract was made, but before the 22d of May, when, according to its terms, it was to have been executed, the parties made an oral agreement, by the terms of which plaintiff, instead of paying the balance of the purchase price, agreed to pay $3,980 in cash, and to give a note for $2,500, payable in one year, secured by a mortgage on the land. On the 22d of May plaintiff demanded a conveyance of the property, and was at that time ready and willing to comply with the terms of the contract, as amended by the oral agreement, by paying the cash payment, $3,980, and giving the note and mortgage for the remainder of the purchase price, amounting to $2,500. He was then informed that defendants had not yet received a deed from Geiser, and could not make title. Taylor then wrote on the contract set out above the words, "Time extended," and signed his individual name. After this suit was brought, the defendants, by agreeing to divide their profit with him, induced Geiser to make a deed to the land to some third party. The plaintiff, by stipulation, waived any claim to the $20 that had been paid on the purchase price, and stood on his right to recover the difference between the purchase price agreed to be paid and the market value of the property.

A number of questions are raised. It is necessary to consider only one. Plaintiff sued on the written contract. The evidence showed that the parties, by oral agreement, had changed the terms of the written contract with reference to the consideration, so that the money was not to be paid as provided in the written agreement, but a note due in one year, secured by a mortgage, was to be given for $2,500 of the purchase price. Plaintiff admitted that he did not offer or intend to pay all cash, as provided in the written agreement, but that at the time he

demanded a deed he expected to pay the consideration according to the terms of their oral agreement by giving a note and mortgage for $2,500. The statute of frauds of this state provides in subsection 5 of section 1089, Comp. Laws 1909, that "an agreement for the leasing for a longer period than one year, or for the sale of property, or of an interest therein, is invalid unless it or some note or memorandum thereof be in writing and subscribed by the party to be charged, or by his agent."

There has been a great deal of diversity of opinion as to whether the writing, in order to satisfy the statute of frauds, must show the consideration. It would seem that the better reason would require the consideration to be stated. The statute of frauds was intended to close the doors to fraud and perjury in the class of contracts which it required to be in writing. If the entire contract need not be in writing, then the door was only partly closed. If the price and terms of payment need not be stated, then dishonest persons could inveigle landowners into written agreements to sell by orally promising a good price, and then in litigation following concentrate their energy and ingenuity in perverting the facts upon the matter of price and terms, instead of diffusing their strength in this regard over the whole field of the contract. If any part of the contract is required to be in writing, the same requirement should be made as to the whole. This rule was first laid down in *Wain v. Warlters,* 5 East. 10, 2 Smith L. C. 271, and seems to be the established rule of this jurisdiction. *Fox v. Easter,* 10 Okla. 527, 62 Pac. 283. In the case of *Halsell v. Renfrow,* 14 Okla. 674, 78 Pac. 118, 2 Ann. Cas. 286, while the exact point was not before the court, the question of what the writing must contain was before the court, and the general rule was laid down that a complete contract must be contained in the writing, and that no part of the contract could rest in parol. This case was affirmed by the Supreme Court of the United States in 202 U. S. 287, 26 Sup. Ct. 610, 50 L. Ed. 1032, 6 Am. Cas. 189. *Mentz v. Newwitter,* 122 N. Y. 491, 25 N. E. 1044, 11 L. R. A. 97, 19 Am. St. Rep. 514, is to the same effect. See, also, *McCormick v. Bonfils,* 9 Okla. 605, 60 Pac. 296. The rule that to satisfy the statute

the writing must show the price and the entire agreement is supported by *James v. Muir,* 33 Mich. 223; *Wardell v. Williams,* 62 Mich. 50, 28 N. W. 796, 4 Am. St. Rep. 814; *Messmore v. Cunningham,* 78 Mich. 623, 44 N. W. 145; *Kelly v. Thuey,* 143 Mo. 422, 45 S. W. 300; *Ringer v. Holzclaw,* 112 Mo. 519, 20 S. W. 800. In 20 Cyc. 269, it is said that in most jurisdictions the consideration must be stated. See, also, Brown on the Statute of Frauds, sec. 391.

If the consideration must be stated in writing, can the plaintiff recover where the evidence shows that he did not intend to comply with the terms of the written agreement, but intended, instead of paying cash as required by the receipt, to give a note payable in one year for $2,500 of the purchase money? It is evident that the contract proved is substantially different from the one on which the suit was brought. In *Bonicamp v. Starbuck,* 25 Okla. 483, 106 Pac. 839, this court held that parties to a written agreement within the provision of the statute of frauds, could not, by subsequent oral agreement, add to or alter any of its terms and thus make a new contract, resting partly in writing and partly in parol, and that in a suit on a new contract parol evidence of the terms of the subsequent oral agreement could not be admitted. Under the doctrine of that case the agreement in this case to accept a note for $2,500 for part of the purchase price was not a valid agreement, and did not bind the parties.

But, before the plaintiff could recover, he must prove that he intended and was ready to comply with the terms of the written agreement. 9 Cyc. 760; 39 Cyc. 2086. Until he was ready to comply with its terms by paying the money, the defendants were not in default. His own evidence shows that he did not intend to pay the money, as required by the contract sued on, but intended to give his note for a portion. This was not in compliance with the contract on which suit was brought. He simply failed to prove a readiness to comply with the terms of the contract sued on, and showed affirmatively that he did not intend to comply with it. He proved that he offered to comply with an agreement invalid because within the statute of frauds. The statute (Comp. Laws 1909, sec. 1139) provides that "a

contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise." Under this statute, and without reference to the statute of frauds, the attempted change in the contract was without validity, and the plaintiff could not have recovered for a breach of the contract as altered, even if he had pleaded it, but he did not plead it, and failed to prove a readiness to comply with the contract he pleaded. Therefore he cannot recover.

This view renders it unnecessary to examine the other questions in the case.

The judgment should be affirmed.

By the Court: It is so ordered.