## PRICE v. McDOWELL.

No. 5604. Opinion Filed November 30, 1915.

(153 Pac. 649.)

**FRAUDS—Staute Of—Oral Variation of Written Contract—Right to Enforce Contract.** Where a contract, affected by the statute of frauds, has been put in writing, and the plaintiff, in a case of subsequent unexecuted oral variation of some of the terms of the written agreement, declares upon the writing as qualified by the oral variation, he cannot prevail.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Wagoner County; R. C. Allen, Judge.*

Action by F. H. McDowell against Mose B. Price. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Jess W. Watts, A. F. Molony,* and *E. M. Gallaher,* for plaintiff in error.

*Henry M. Brown* and *Robert F. Blair,* for defendant in error.

Opinion by RITTENHOUSE, C. Mose B. Price and Sallie Price, being the owners of certain lands in Oklahoma county, Okla., entered into a written contract with F. H. McDowell to sell said land to him for a consideration of $8,000, $4,000 to be paid in cash on or before January 1, 1911, and the balance to be represented by a note and mortgage due in three years thereafter. At the time of the execution and delivery of said contract, McDowell paid the sum of $650 as part of the purchase price. Subsequently, the written contract was attempted to be changed by a parol agreement between the parties, whereby it was agreed that McDowell should pay the sum of $2,000 in cash, and borrow $4,000 from a loan company, secured by a first mortgage on the premises; and the balance of $2,000 should be secured by a second mortgage and carried by Price for three years, the $650 to be credited upon the first cash payment. It is alleged that McDowell, in pursuance of this understanding, offered and tendered the sum of $1,350, together with the $650 theretofore paid, as a first cash payment, which was refused, and that defendant refused to execute and deliver deeds as agreed in the written contracts as modified, and plaintiff prays judgment for $650 with interest.

It is argued in this court by the plaintiff in error that the written contract is valid under the statute of frauds (section 941, Rev. Laws 1910), but that by a subsequent oral agreement an attempt was made to alter the terms of the written contract, and thus make a new contract resting partly in writing and partly in parol, which would be void under the statute of frauds. On the other hand, it is argued by the defendant in error that the contract was rescinded by mutual consent, and that therefore the law implies a promise to refund the money. If there was a mutual rescission in this case, then it would be the duty of the defendant to refund the $650 paid under the original contract. *Hurley v. Anicker,* 51 Okla. 97, 151 Pac. 593. Before this question would become material, it would be necessary that the plaintiff allege and prove a mutual rescission. This he has failed to do. The petition does not allege a mutual rescission, but alleges a written contract modified by an unexecuted oral agreement and a tender of performance under the contract as modified, clearly bringing the case within the statute of frauds.

A recovery cannot be had upon an unexecuted contract partly in writing and partly in parol, where the original contract attempted to be enforced, as orally modified, comes within the statute of frauds. Browne on the Statute of Frauds (5th Ed.), section 441, says:

"It seems to be well established that where a contract, affected by the statute, has been put in writing, and the plaintiff, in a case of subsequent oral variation of some of the terms of the written agreement, declares upon the writing as qualified by the oral variation, he cannot prevail."

See *Bonicamp v. Starbuck,* 25 Okla. 483, 106 Pac. 839; *Baker v. Haswell & Taylor,* 36 Okla. 429, 128 Pac. 1086; 1

Beach on the Modern Law of Contracts, section 579; Wood on Statute of Frauds, section 384.

The defendant requested the court to instruct the jury to return a verdict in his favor; this the court refused to do, and in this there was error. The plaintiff failed to establish a *prima facie* case, his proof showing a contract in writing modified by an unexecuted oral agreement, affected by the statute of frauds. It is apparent from an examination of the amended petition that there was no claim of a mutual rescission, the petition asking for judgment upon the contract as attempted to be modified, alleging a tender of performance, and a failure to comply with the terms thereof. This theory is not urged in this court, but on the contrary an argument is made of a mutual rescission, which, if substantiated by the record, would entitle the purchaser to recover upon an implied promise to pay. This theory, however, was not presented to the trial court.

The cause should therefore be reversed and remanded.

By the Court: It is so ordered.