## LANDRUM v. JORDAN et al.

No. 13036—Opinion Filed Sept. 16, 1924.

1. **Vendor and Purchaser—Optional Contracts to Sell — Performance of Conditions.**

An option to purchase is defined as a contract by which the owner agrees with another person that he shall have the privilege of buying his property at a fixed price within a specified time, and in order to constitute a contract based upon an alleged exercise of an option and impose upon the vendor a duty to convey, the terms and conditions of the option must be strictly complied with by the purchaser.

2. **Same—"Unqualified Acceptance by Vendee."**

An alleged election to take, under an option which amounts to nothing more than an offer to take the property at the price stipulated in the option, in the event the vender furnishes a title satisfactory to the vendee within a fixed time, is not an unqualified acceptance.

3. **Frauds, Statute of—Sufficiency of Writings.**

While a binding contract under the statute of frauds may be gathered from letters and correspondence passing between the parties and so related that they may fairly and reasonably be considered as one paper relating to the cotract, yet such letters must be signed by the party to be charged, or if written by the agent of such party, the authority of such agent must be in writing and signed by the party to be charged.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Pottawatomie County; Hal Johnson, Judge.

Action by A. U. Landrum against J. J. Jordan and L. M. Jordan for specific performance in the sale of certain real estate. Judgment went for defendants, and plaintiff has appealed to this court. Affirmed.

Hayson & Lukenbill, for plaintiff in error.

Wyatt & Waldrep, for defendants in error.

Opinion by DICKSON, C. This is an action for the specific performance of an alleged agreement to convey real estate brought in the district court of Pottawatomie county on the 6th day of March, 1917, by A. U. Landrum, plaintiff in error, plaintiff below, against J. J. Jordan and L. M. Jordan, defendants in error, defendants below. The parties will be referred to in this opinion as plaintiffs and defendants as they were designated in the trial court.

The essential facts set out in the petition of the plaintiff, and relied upon, are as follows: That on the 1st day of January, 1916, the defendants were husband and wife and were the owners of the land in suit; that on said date said defendants, in consideration of the sum of $150, executed and delivered to the plaintiff the following option to purchase said property:

"Know all men by these presents:
"That J. J. Jordan and L. M. Jordan, his wife, of the —— of —— County of Pottawatomie and State of Oklahoma, for the consideration of the sum of $150 in hand paid, at or before ensealing and delivery of these presents by A. U. Landrum, of the —— of —— county of Oklahoma and state of Oklahoma, have agreed and do hereby agree to hold until the 1 day of Feb. A. D. 1916 at 12 o'clock M.; time being the essence and important part of this option, subject to the order of the said A. U. Landrum or assign, the following described property, to wit: N.W. ¼ of S.W. ¼ & N.W. ¼ of S.E. ¼ & 18 acres conveyed by E. W. Clour to J. J. Jordan by deed dated Sept. 28, 1907 all in section 12, twp. 7 range 4 east, or to transfer the said property at any time, within the time above prescribed, to the said A. U. Landrum or such person or persons as he or they may direct at and for the price of $3,600 which also pays for 3 stacks of hay which purchaser agrees to buy, good and lawful money of the United States of America, payable on the following terms; Cash upon approval of title by purchaser on or before Feb. 1, 1916.

"In the event that the holder or holders of this option shall decide to purchase the said property at the above price and terms within the said time, then and in that case, the said amount paid for this option shall be credited upon the said purchase price, but in the event the holder or holders hereof do not conclude the purchase above named within the time prescribed then and in that case, the said amount paid for this option shall be retained by the undersigned in full satisfaction for holding the property subject to the said order for the said time.

"It is provided, however, that in case there should be any delay on the part of the undersigned in perfecting the title to the above property for more than 30 days after notice of the election of the holder or holders hereof to purchase the said property, then and in that case the holder or holders hereof reserves the right to cancel this option and receive back the consideration herefor or to extend the time until said title is perfected."

That on the 27th day of January, 1916, pursuant to the provisions of said optional contract, the plaintiff signed and mailed to the defendants the following election take said property under the terms and conditions of said option:

"You, and each of you, are hereby notified that the undersigned, A. U. Landrum, has elected to exercise and does hereby exercise, the option given by you to him in writing on the 1st day of January, 1916, to purchase the land described in said option as follows, to wit: The northwest quarter of the southwest quarter and the northwest quarter of the southeast quarter in section 12, township 7 north, range 4 east, of the Indian Meridian, and 18 acres conveyed by E. W. Clour to J. J. Jordan by a deed, dated September 28th, 1907, being all of the southeast quarter of the southwest quarter of said section 12, except 3 1-6 acres, all in Pottawatomie county, in the state of Oklahoma.

"You, and each of you, are further notified that the undersigned has elected, and does hereby elect, to take said real estate upon the terms and conditions stated in said option and hereby demands of you, and each of you, that you make and deliver to him a good and sufficient title, in fee simple, clear of all liens and encumbrances to the said real estate.

"And you are hereby further notified that the undersigned stands ready to pay you, and hereby tenders to you the balance of the purchase price of said real estate as provided in said option contract in cash, upon the delivery to him of title thereof.

"You are hereby further notified that your title to the said real estate, as shown by the records in the office of the county clerk and ex-officio register of deeds of Pottawatomie county, Oklahoma, is subject to certain defects, objections, liens and encumbrances as pointed out and set forth in a letter and opinion of Chas. H. Garnett, an attorney at

law, which is hereto attached, as shown by the abstract of title to said real estate furnished by you to me for my examination. And you are further hereby notified and requested to correct the defects and objections in your title as pointed out in said letter and opinion and to remove the said liens and encumbrances in your title, as pointed out in said letter and opinion.

"You will please notify me whenever you have corrected and made good your title and are ready to deliver to me.

"I have forwarded you abstract to the First National Bank at Maud, Oklahoma."

That on the 2nd day of February, 1916, the defendants directed Messds, Arrington & Arrington, attorneys at law, to write to the plaintiff the following letter :

"Your letters to J. J. Jordan and wife, and to W. T. and W. C. Jordan and wives have been handed us to answer. They will sell the land to you though your acceptance changes the contract that they say they made with you in some respects, but they will have to have time to correct the title. We have told them that they may have to quiet title, and to say the least it may take 60 days. Your attorney will understand that when you begin to correct a title to real estate that it is hard to figure on the time. We want no more time than is reasonably but we feel that 30 days is not sufficient. Let us know if you are willing to give us such time as is reasonable, considering all circumstances. If you care to limit it to 60 days we will do our best to make the title in that time. However we would want 60 days from the date of your letter in reply to this, and would prefer that you just say that we may have a reasonable time."

And that on the 3rd day of February Chas. H. Garnett in response to the above wrote to Messrs. Arrington & Arrington a letter, the material part of which is as follows :

"Your favor of February 2nd 1916, addressed to Mr. A. U. Landrum, of this city, has been received and is referred by Mr. Landrum to me for answer. I beg to say that it was not Mr. Landrum's purpose in his acceptance and election to exercise his option on the land of the Jordans to change his contract with them, and we are not aware of any respect in which said acceptance and election does change the contract. These option contracts were before me when I wrote Mr. Landrum's acceptance and election under those contracts, and it was my purpose and endeavor to follow exactly the terms of those contracts in such acceptance and election.

"I am aware that if an action to quiet title is necessary, you will do well to get the case to a final judgment in 60 days. However, your superior court in Pottawatomie county is in session practically all the time, and I take it there would be little delay in the case beyond the time necessary to get service. We are willing to extend the time for your clients, the Jordans, to perfect their title, but prefer to name a fixed time for the extension than to simply say a reasonable time, even though you might require an additional extension of time. A fixed time is definite, but a reasonable time is very indefinite. We will, therefore, agree and do agree and consent that you and your clients shall have 60 days from this date in which to perfect the title to the land described in the option contracts and to deliver to us a good title thereto."

That on the 19th day of March, 1916, the plaintiff tendered to the defendants the balance of the purchase price of said lands, and demanded a deed; that the defendants refused to accept said tender and refused to make and deliver said deed.

The defendants answered denying generally all of the allegations contained in the petition, and specifically denied that they had ever received any consideration for the optional contract above referred to, and specifically denied that the plaintiff had ever performed any of the conditions of said optional contract. Upon the trial it was established that the consideration mentioned in the option was paid by check, and check drawn by the plaintiff upon an Oklahoma City Bank, that said check was presented for payment in due course, and payment thereof refused, and that said check was not paid until the 8th day of November, 1916. The correspondence between Messrs. Arrington & Arrington and Charles H. Garnett was introduced in evidence over the objection of the defendants. Mr. Arrington, over the objection of the defendants, testified that he wrote the letter of February 2nd at the request of the defendant J. J. Jordan. There was no evidence tending to show that Mrs. Jordan had anything to do with the correspondence or knew anything about it. The defendant J. J. Jordan testified that on the 28th day of March, 1916, he notified the plaintiff that payment of the check given for the option had been refused by the bank, and for that reason the "deal was off." The court at the request of the plaintiff made the following findings of fact and conclusions of law:

"Findings of Fact.

"I find that the defendants, J. J. Jordan and L. M. Jordan are husband and wife, and that on or about January 1st, 1916, were the owners and in possession of the northeast quarter of the southwest quarter and northwest quarter of the southeast quarter, and 18 acres, being the west 18 acres of the

southeast quarter of the southwest quarter, all in section twelve (12) township seven (7) north, range four (4) east, of the Indian Meridian in Pottawatomie county, and that on said date the plaintiff and defendants entered into an option contract by which the defendants granted to plaintiff the option to purchase the said land, said option to expire at noon on February 1st, 1906. The purchase price being agreed at $3600. That on said date, January 1st, plaintiff signed and delivered to defendants his check for $150.

"I find that the plaintiff on January 27th wrote and registered to the defendants a letter attempting to exercise his election to take under the option, and I find that the defendant authorized Roscoe C. Arrington to write the plaintiff, which letters, in effect, constituted an extension of the time of compliance fixed by the option.

"I find that on or about March 19, 1916, the plaintiff attempted to make a tender of the purchase price of said property.

"I find that on said date the original check for $150 the consideration for said option, had not been paid and was not paid until November 8th, 1916.

"Conclusion of Law.

"I conclude as a matter of law that the defendants received no consideration for said option, and that defendants, on March 19, 1916, had a right to refuse any tender if made, and I conclude as a matter of law that plaintiff's prayer for specific performance should be denied and that defendants have judgment cancelling the option contract of record and quieting title to the land herein described and for costs."

The court refused to make the following declaration of law requested by the plaintiff:

"That notwithstanding the nonpayment of the check prior to February 1st, 1916, that the written election of the plaintiff, being the letter of January 27th, 1916, to take said land at the price agreed upon coupled with the request of defendants for extension of the time in which to perfect their title and the granting of said extension by the plaintiff constituted a binding agreement for the purchase of the land at the price agreed upon in contract, which is enforcible in this action."

Judgment went for the defendants and the plaintiff has appealed to this court. The contentions of the plaintiff urged for a reversal of this case are embodied in the requested declaration of law. It clearly appears that no consideration had been paid for the option at the date of the so-called election or at the time the plaintiff claims to have tendered the balance of the purchase price and demanded a deed. The plaintiff was attempting to enforce a contract for which he had paid nothing, and for the execution of which the defendants had received no value.

Optional contracts are construed in favor of the party who is bound and against the party who is not bound. Kolachny v. Galbreath et al., 26 Okla. 772, 110 Pac. 902. The option in this case expressly provides that time is the essence and important part of the contract, and the defendants had a right to repudiate the contract upon the nonpayment of the check given therefor. But even if the consideration had been paid, still the so-called acceptance was wholly insufficient to consummate the contract. When this instrument is read in the light of the option to which it refers, it amounts to nothing more than an offer to take the property at the stipulated price in the event the defendants perfected the title within 30 days from the date thereof. The requirements as to the title do not appear in the record, but it clearly appears from the correspondence that they were such as could not be complied with within 30 days, and that at the expiration of 30 days from the date of the election, the plaintiff could have demanded the return of the consideration, if in fact it had been paid. There was no agreement in the acceptance to extend the time until the title could be perfected. In fact, it is not contended that the option and acceptance are in themselves sufficient to constitute an enforceable contract, but the plaintiff contends that the letter of February 2, 1916, signed by Messrs. Arrington & Arrington, and the answer thereto of February 3rd signed by Mr. Garnett constitutes a binding agreement enforceable in this action. A binding contract under the statute of frauds may be gathered from letters passing between the parties and so related that they may fairly and reasonably be considered as one paper relating to the contract. Halsell et al. v. Renfrow and Edwards, 14 Okla. 674, 78 Pac. 118. But such correspondence, by the plain provisions of the statute of frauds, in order to bind the parties must be signed by the party to be charged, or if the correspondence is by an agent, the authority of such agent must be in writing and signed by the party to be charged. Section 5034, Comp. Stat. 1921. The letter of February 3rd was not signed by the plaintiff, and there was no pretense that either Messrs. Arrington & Arrington or Mr. Garnett had any written authority to bind either of the parties to this suit or to make or modify any contract concerning the subject-matter of this action. The letters were incompetent for any purpose, as

was also the oral testimony of Mr. Arrington as to his authority to write the letter of February 2, 1916. Under the provisions of section 5034, supra, the proposition made by Mr. Arrington to the plaintiff by said letter was not binding upon the defendants for the reason that he had not written authority from said defendants to make the proposition.

Having reached the conclusion that the facts in this case are wholly insufficient to justify a decree for specific performance upon any theory we recommend that the judgment appealed from be affirmed.

By the Court: It is so ordered.