## ANTHONY v. GRIFFITH et al.

No. 27855. March 8, 1938.

J. W.. Brooks, for plaintiff in error.

Wm. T. Powell, for defendants in error.

BAYLESS, V. C. J. Nell Ainslee Anthony filed an action in the justice of the peace court against C. O. Griffith et al. for the restitution of certain real estate. She alleged that they had gone into possession thereof legally, but unlawfully detained possession thereof. The defendants filed no pleadings. A jury returned a verdict in favor ·of the plaintiff, and the defendants appealed to the county court of Cotton county. The case was there tried to a jury, and its verdict was in favor of the defendants. whereupon plaintiff appealed to this court.

February 14, 1935, Pioneer Mortgage Company, as agent for plaintiff, through its servant, Hulsey, executed a written lease with Griffith· for the year 1935. Griffith contends that at the time of the execution

of this lease Hulsey orally agreed to lease him the land for the year 1936. Hulsey denies this, and testified that he had no authority to so promise. In so far as this record is concerned, there is nothing therein to contradict Hulsey, nor from which any reasonable inference to the contrary could be drawn that he had no such authority.

To give full force and effect to the contention of the defendants, it is this: That on February 14, 1935, he leased the land involved for two years, by a written lease for the first year, and an oral lease for the second year.

We believe there are two insuperable legal objections to the correctness of this contention. The subject matter with which the parties were dealing was the leasing of the land. Section 9456, O. S. 1931, provides that the execution of a contract in writing supersedes all oral stipulations concerning its subject matter which preceded or accompanied its execution. Therefore, it is plain that the written lease is for one year only, and cannot be, and is not, claimed as the basis for the lease of 1936, except in so far as it lends corroboration to the defendant's evidence as to what happened that day.

The contract for two years is invalid by virtue of the fifth subdivision of section 9455, O. S. 1931, which provides that an agreement for the leasing of real property for more than one year, when executed by an agent, is invalid unless the authority of the agent thus to contract is in writing. No controversy is made on this issue. The plaintiff's contention that the trial court should have sustained her motion for a directed verdict is well taken.

The defendants contend that the evidence of the plaintiff is insufficient, and their demurrer was well taken. Whatever legal force this proposition had by virtue of our opinion in Bullock v. Peek, 66 Okla. 240, 168 P. 797, it was lost when the defendants undertook to introduce evidence, and introduced such evidence as they did. We think the stipulations between counsel when plaintiff was presenting her case in chief, plus the evidence of Griffith himself, is sufficient to establish all of the essential elements of an action in unlawful detainer. The rule stated in Meyer v. White, 27 Okla. 400, 112 P. 1005, covers this situation. It is as follows: Where the district court overrules a demurrer to plaintiff's evidence, and thereafter both parties proceed with the trial and introduce further evidence, and sufficient evidence is introduced to make out a case for plaintiff, a judgment in his favor will not be disturbed. In other words, in whatever respect plaintiff failed to make out a complete case herein the defendants supplied the deficiency for her.

The judgment of the trial court is reversed, and the cause is remanded, with directions to enter judgment for the plaintiff. Reversed and remanded, with directions.

OSBORN, C. J., and RILEY, PHELPS, and CORN, JJ., concur.