HOUSE v. BOYLAN et al.

96 P. 2d 532.

No. 28571.   Nov. 28, 1939.

Robert J. Bell and Wallace Wilkinson, both of McAlester, for plaintiff in error.

Frank D. McSherry, of McAlester, for defendants in error.

DANNER, J.   This is an action for specific performance of an alleged contract to convey real estate. The trial court held for the defendants, and the plaintiff appeals.

The plaintiff had owned and occupied the property for many years, but in 1931 he lost title to it by mortgage foreclosure, and the defendant obtained title by sheriff's deed executed pursuant to the mortgage sale. The plaintiff continued in possession, however, as a tenant of the defendant landlord. About the middle of 1933 the plaintiff began certain negotiations with rental agents of the defendant, and with the defendant's wife, and possibly with defendant's attorney, concerning the possibility of plaintiff's obtaining a loan from the Federal Land Bank or from the state Commissioners of the Land Office, with which to repurchase the land. The present lawsuit grew out of those negotiations. The plaintiff has never seen the defendant, and the defendant never saw the plaintiff or the land. The defendant died after this action was filed, and it was revived in the names of his executrix, devisees, and assigns, but for purposes of clarity we shall discuss the case as if those events had not occurred.

The only written instrument signed by the defendant was a printed form of the Federal Land Bank called "Purchase Price Statement and Authority for Payment," wherein plaintiff applied for a loan, but the amount of the loan or prospective consideration was not stated. This instrument appears to have served mainly for the purpose of supplying the Federal Land Bank with information. It lacked several of the essentials to an en-

forceable contract for sale of real estate (Halsell v. Renfrow, 14 Okla. 674, 78 P. 118), and plaintiff does not contend that said instrument, alone, entitled him to relief.

He does contend that the purchase price statement, plus certain correspondence between him and the alleged agents of defendant, if said correspondence had been admitted in evidence, would have been sufficient to establish either a written or an oral contract of sale, which, coupled with his placing improvements on the land in reliance thereon, would have entitled him to specific performance. He therefore urges that the refusal of the trial court to receive the correspondence into evidence was error. Said rejection of offered evidence is the only question in the case necessitating any discussion, as we view it, and we are further strengthened in that belief by the statement in plaintiff's brief to the effect that the appeal is predicated almost exclusively thereon.

As stated above, the plaintiff never corresponded or talked with the defendant personally. He did not offer in evidence any communication from the defendant. Every refused offer of evidence was of correspondence with some person alleged to have been the agent of the defendant or acting for him, it being claimed that said correspondence itself constituted a part of the contract.

But until, or at least unless, the agency itself is proved by competent evidence, correspondence or transactions with said alleged agents are not admissible. Otherwise the utterances or representations of a total stranger could bind the defendant. The burden of proving said agency was upon the plaintiff.

There was no proof, nor any offer of proof, of any written authority of said persons to act as agent. Section 9455, O. S. 1931, 15 Okla. St. Ann. § 136, and particularly the 5th subdivision thereof, insofar as applicable to the present case, provides:

"The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent: * * *

"5. An agreement * * * for the sale of real property, * * * and such agreement, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent be in writing, subscribed by the party sought to be charged." (C. O. S. 1921, § 5034; R. L. 1910, § 941.)

There is no requirement that the agency be shown to be in writing in any of the other subdivisions of the statute, such as the 4th subdivision covering sale of goods, chattels, or things in action at a price not less than $50, which explains the reason for the rather broad announcement in the 4th editorial syllabus to Webb v. Woods, 176 Okla. 306, 55 P. 2d 959, involving said 4th subdivision, to the effect that an agent's authority to sign a memorandum of a contract within the statute of frauds need not be in writing. But our rulings have at all times been uniformly to the contrary of that announcement, in instances involving the 5th subdivision, covering agreements for the sale of real property or an interest therein, or for leases thereof exceeding one year. The statute, quoted above, is so plain and clear that decisions hardly need be cited. The authority of an agent to make an agreement of that sort must be in writing. Halsell v. Renfrow, 14 Okla. 674, 78 P. 118, 2 Ann. Cas. 286, affirmed in 202 U. S. 287, 26 S. Ct. 610, 50 L. Ed. 1032, 6 Ann. Cas. 189; Schechinger v. Gault, 35 Okla. 416, 130 P. 305, Ann. Cas. 1914D, 468; Messman v. Lower, 84 Okla. 151, 202 P. 1014; Woodworth v. Franklin, 85 Okla. 27, 204 P. 452, 27 A.L.R. 590; National Bank of Hastings v. Pierce, 94 Okla. 153, 221 P. 111; Landrum v. Jordan, 100 Okla. 272, 229 P. 182; Anthony v. Griffith, 182 Okla. 210, 77 P. 2d 77.

There being no offer of proof of any written appointment of authority to represent defendant, much less any such written appointment signed or subscribed by the defendant who was sought to be charged, it follows that no competent evidence was offered tending to

prove agency. Since said persons could not be presumed to be his agents in the absence of such proof, the trial court did not err in rejecting evidence based upon the mere assumption that those persons were agents of the defendant.

The parties argue at some length over the question whether the evidence would have been sufficient to establish an oral contract. We find no such evidence. As stated heretofore, neither the plaintiff nor anyone in his behalf ever had a conversation with the defendant.

The foregoing principles, and others not herein discussed, necessitated the judgment as rendered, and there are no other contentions which need be discussed. The judgment is affirmed.

BAYLESS, C. J., and RILEY, CORN, and HURST, JJ., concur.