NICKEL v. HINZ et al.

No. 29955.   May 27, 1941.

*114 P. 2d 449.*

Simons, McKnight, Simons, Mitchell & McKnight, of Enid, and Bowman & Greer, of Kingfisher, for plaintiff in error.

Meacham, Meacham & Meacham, of Clinton, for defendants in error.

HURST, J. Plaintiff Nickel brought this action in ejectment, claiming title to the land involved by purchase from Equitable Life Assurance Society, which acquired title by mortgage foreclosure. Defendants in the instant case were also defendants in the foreclosure proceedings. From a verdict and judgment for defendants, plaintiff appeals.

Plaintiff makes several contentions, but we find it necessary to consider only one, that the trial court erred in overruling plaintiff's motion for a directed verdict.

The evidence of plaintiff that he had purchased the property from the Equitable on December 20, 1937, was not disputed. Defendants, to sustain their title and right of possession, produced a written contract of purchase made by Alvin H. Hinz with Equitable on June 30, 1937. By this contract Hinz, for a consideration of $6,500, $500 of which was paid at the time of the execution of the contract, was given the option to purchase the property on or before August 15, 1937, upon the payment of the remainder of the purchase price in cash. This he did not do. Defendants claimed, and their evidence tended to show, that one Young, the representative of Equitable with whom they negotiated the purchase contract, verbally extended the claim of payment to the spring of 1938. No evidence of any authority on the part of Young to grant such an extension was produced, and he denied having such authority, and also denied that he had attempted to grant the extension testified to by defendants. Defendants admitted that in November, 1939, at the time the alleged extension was made by Young, Alvin Hinz signed a one-year lease on the farm in which lease Equitable was named as owner and Alvin Hinz as lessee, and at the same time he signed a letter to Equitable stating that he had been unable to raise the money to complete the purchase of the farm, and asking Equitable to return the $500 forfeit money. Equitable returned the forfeit money ($475 by refund and $25 retained as cash rental under the lease), and thereafter sold the land to plaintiff. It is not shown that Young had at any other time assumed to bind the Equitable in any way, or that he had apparent authority to do so.

The extension agreement, if made as contended for by defendants, was clearly invalid under the statute of frauds, section 9455, O. S. 1931, 15 O.S.A. § 136, subd. 5. At the time defendants claim it was made, the option or contract to purchase had expired. Therefore the purported extension agreement made orally by Young would in effect amount to a new contract of sale. The act of Alvin Hinz, in executing the lease and requesting and accepting the return of the money paid upon the purchase price, evidences his understanding that the contract had terminated. That he thereafter, when he heard of the acceptance of plaintiff's offer to purchase the property, made a tender to Equitable of part of the purchase price specified in his contract is not convincing evidence that he understood the contract was still in effect. It might well be ascribed to a hope that he would be preferred as a purchaser if he tendered the money before the deal with plaintiff was consummated. Whatever his understanding, the oral contract, even if made as contended by the defendants, changed and modified the written contract, leaving the agreement for the purchase of the real estate resting partly in writing and partly in parol. Such an agreement is invalid under the statute. Halsell v. Renfrow, 14 Okla. 674, 78 P. 118; Bonicamp v. Starbuck, 25 Okla. 483, 106 P. 839; Baker v. Haswell & Taylor, 36 Okla. 429, 128 P. 1086; Price v. McDowell, 52 Okla. 608, 153 P. 649; Landrum v. Jordan, 100 Okla. 272, 229 P. 182; Anthony v. Griffith, 182 Okla. 210, 77 P. 2d 77.

Defendants assert that the statement of Young above quoted, which they say was made prior to August 15, 1937, amounted to a waiver of strict performance on the part of Equitable Assurance Society, and operates as an equitable estoppel. They cite Wilson v. Bailey, 8 Cal. 2d 416, 65 P. 2d 770, and similar cases, in support of this assertion. These cases we consider inapplicable. The authority of Young to change the contract, or waive strict performance thereof, is not shown, and his denial of such authority is not contradicted. In the cited cases the oral waiver or extension by the seller was established, and although held invalid under the statute of frauds, the doctrine of equitable estoppel was invoked and applied to prevent the use of the statute of frauds in the perpetration of a fraud. No question of an agent's authority was involved in any of the cases cited. Also in the present case the defendants leased the property, and accepted the return of the purchase money, acts so inconsistent with the continued life of the contract as to negative the grant of an extension by Young even if his authority to grant such extension were shown. Furthermore, it is clear that Hinz was unable to make the payment by August 15th, as provided in the contract, and he was not misled to his prejudice by the alleged agreement of Young. The facts somewhat resemble those in Boepple v. Estill, 181 Okla. 159, 72 P. 2d 798, in which it was said that by the acts of the defendants their alleged oral agreement had been shorn of all the equities that may have formerly sustained it and saved it from the operation of the statute of frauds. The evidence conclusively established the right of plaintiff to recover possession of the property, and the trial court should have directed the verdict as requested.

Reversed, with directions to render judgment for plaintiff.

WELCH, C. J., CORN, V. C. J., and GIBSON and ARNOLD, JJ., concur.